Nov. Term,
1861.

Cook v. Bean, Administrator of Burbridge.

Cook
v.
Bean.
17  504
138  111

Suit upon a promissory note. Answer: that the note was given for the purchase money of real estate sold by title bond, and that the deed, which was to have been executed on payment of the note, had not been tendered. On the trial, the truth of the answer being established, the Court held the case under advisement until a deed could be made and tendered, and then gave judgment for the plaintiff.

*Held*, that this was erroneous.

*Held*, also, that the doctrine that a specific performance will be decreed where the party is able at the rendition of the decree to perfect title, only applies to cases where some secret defect is discovered in the title, previously unknown, perhaps, to either party, and does not operate to excuse a party from doing all in his power to fulfill his contract.

Saturday,
December 14.

APPEAL from the *Owen* Common Pleas.

Perkins, J.—Suit upon a note. Answer: that it was given for the purchase money of a tract of land, for which a deed, pursuant to a title bond executed at the time, was to be made on payment of the note, and that no deed had been tendered. Reply in denial. Trial; evidence establishing the truth of the answer; whereupon the Court held the case under advisement till the plaintiff could cause a deed to be tendered, which being done, judgment was rendered for the plaintiff.

This was erroneous. It was like permitting a party to sue on a note before it is due, but suspending judgment till it becomes due, and then rendering it against the defendant, thus harassing him with a suit before he is liable to pay. It is true that a general doctrine is laid down, that a specific performance may be enforced where the party is able to perfect title at the rendition of the decree; but that doctrine does not apply to excuse a party from being diligent, from doing all in his power to fulfill his contract; it does not apply to excuse a tender of a deed, made a condition precedent to the right to sue. It applies in cases where a party has tendered a deed, given possession, &c., but where some secret defect is discovered in the title, previously unknown, perhaps, to either party. In such case, if the party can cure the defect before decree, judgment

will go in his favor. An examination of the cases cited in Fry on Specific Performance, *vide* p. 253, and Adams' Equity, *vide* p. 84, *et seq.*, and notes, shows this.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*R. L. Hathaway* and *A. T. Rose*, for the appellant. '