JAMES VALLEY BANK, et al, Respondents, v. GOLDSMITH, et al, Appellants.

(219 N. W. 477.)

(File No. 6039.   Opinion filed May 19, 1928.)

*Bailey & Voorhees* and *M. T. Woods, Jr.,* all of Sioux Falls, for Appellants.

*Null & Royhl,* of Huron, for Respondents.

BROWN, J.  Action by James Valley Bank and Fred R. Smith, state superintendent of banks, as plaintiffs, on three promissory notes executed by defendants to James Valley Bank. Judgment for plaintiffs; defendants appeal. The execution of the notes and their nonpayment is admitted. The defenses are failure of consideration and that plaintiffs at the time of the commencement of the action did not own the notes. At the trial defendant objected to the introduction of any evidence on the ground that the complaint did not state a cause of action for the reason that there are two plaintiffs and the complaint shows that the James Valley Bank was taken over by the superintendent of banks for liquidation and that the latter only has the right or power to bring the suit. The complaint clearly states a cause of action in favor of

the state superintendent of banks, and the objection to the introduction of any evidence was properly overruled. Commercial & Savings Bank v. Erdman, 50 S. D. 97, 208 N. W. 582.

■ The defense of failure of consideration is without merit. The alleged failure is that notes, similar in amount to those sued on, executed by L. M. Sessler, indorsed by defendant D. Goldsmith, and held by the James Valley Bank, were to be returned on the execution of the notes in suit, and had never been returned. It appears from the evidence that James Valley Bank was at all times ready to return the Sessler notes, and they were produced at the trial and offered to be surrendered to defendants.

■ The remaining defense that plaintiffs were not the owners of the notes sued on at the time of the commencement of the action is not sustained by the evidence in the case. The notes were payable to the order of the James Valley Bank and were produced by plaintiffs at the trial. This was prima facie evidence of plaintiffs' ownership, and ample evidence to justify the judgment for the amount due on the notes. Corson v. Smith, 22 S. D. 501, 118 N. W. 705.

■ The three notes had been put up as collateral with other banks and were not in the possession of the plaintiffs when the action was commenced in April, 1924. They were returned to James Valley Bank about two months later. It is asserted in appellants' argument that the notes were owned by the respective pledgees thereof at the time of the commencement of the action and for a long time thereafter, but there is nothing in the abstract to support this assertion, and it is well settled that assertion in argument cannot take the place of or supply deficiency in the abstract. Karlen v. Trebble, 45 S. D. 570, 189 N. W. 519.

■ In Walmer v. First Acceptance Co., 192 Wis. 300, 212 N. W. 638, 51 A. L. R. 605, it is said that while the pledgee of a negotiable instrument is a holder thereof and may sue, "the great weight of authority is that the pledgor, especially when with consent of the pledgee, may also sue. 8 Corp. Jur. 844; 31 Cyc. 829." In City Electric Street Ry. Co. v. Little Rock First National Bank, 65 Ark. 543, 47 S. W. 855, the receiver of the Little Rock Bank sued the street railway company on notes which it was conceded were held by a St. Louis bank as collateral at the time of the commencement of the action. Before the trial the notes were returned

to the receiver, and it was said that a defense on the ground that the receiver had no right to sue at the time the action was commenced was "extremely technical" and could not be sustained because the pledgor of commercial paper as collateral has sufficient interest in the paper to entitle him to sue. See, also, Hutchings v. Reinhalter, 23 R. I. 518, 51 A. 429, 58 L. R. A. 680.

██ Even if there were any doubt as to the right of the pledgor of commercial paper to sue thereon while the obligation for which the notes were security was unsatisfied, there is nothing in the record to show the existence of that condition in the instant case. The notes were returned to James Valley Bank after the action was begun, but for all that appears that bank may have been entitled to the return and possession of the notes at the time of the commencement of the action, and in that case the superintendent of banks would have a perfect right to sue without having actual possession or custody of the notes, and might either have stricken out the indorsements to the pledgees or have offered the notes in evidence with the indorsements unstricken. He had possession and offered to surrender them at the trial. Defendants did not contend that any one else had any right to, or claim upon; the notes. In this case the defense that the plaintiffs at the time of the commencement of the action did not own the notes is purely technical, and on the record before us it was not established.

The judgment is affirmed.

POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.
BURCH, P. J., not sitting.