## ABRAMS v. AMERICAN SECURITY & TRUST CO.

No. 7398.

United States Court of Appeals for the District of Columbia.

Argued Feb. 9, 1940.

Decided March 25, 1940.

Joseph A. Rafferty, of Washington, D. C., for appellant.

George C. Gertman, of Washington, D. C., for appellee.

Before GRONER, Chief Justice and EDGERTON and RUTLEDGE, Associate Justices.

---

GRONER, C. J.

In January, 1926, appellant borrowed $27,500 from appellee trust company, and gave a series of promissory notes payable in one, two, and three years, and secured by a deed of trust on appellant's home in Washington City. Two of the notes were paid and the others renewed for three more years, but upon default in payment of interest, the trust was foreclosed, with a deficiency of $8,999.77. At appellee's request, appellant in 1933 executed his unsecured promissory note for this amount. Appellee brought the present action to recover on this note. Pleas and amended pleas were filed with affidavits of defense under Law Rule 73 of the trial court. The case remained on the docket until the new Federal Rules became effective, and in March, 1939, plaintiff (appellee) moved for summary judgment under Rule 56, 28 U.S.C.A. following section 723c. Acting on this motion, the trial court entered judgment for the plaintiff in the full amount of the note with interest. The judgment recites: "Plaintiff has tendered to the defendant before the entry of this judgment his promissory notes numbered 3 to 12, both inclusive, mentioned in defendant's plea, dated June 28, 1926, marked 'paid and canceled', and the defendant having refused to accept them, they are hereby ordered filed with the Clerk of the Court in this action, together with the note sued on."

On this appeal appellant says that the three pleas filed by him below assert one defense, namely, that the defendant should not be required to pay the note sued on, because it was given in consideration of a promise to return the old notes, which appellee nevertheless continued to hold. If there are other defenses raised by the pleas, we do not need to consider them since they were not argued and have been abandoned. Wardman-Justice Motors v. Petrie, 59 App.D.C. 262, 39 F.2d 512, 69 A.L.R. 648; Jackson v. Fuller, 66 App. D.C. 239, 85 F.2d 816.

The single question for decision, therefore, is whether appellee should be permitted to surrender the old notes after the commencement of the action on the new note, and having thus performed its obligation, to recover judgment. The general rule is that an action cannot be maintained on a new note given in consideration of the surrender of an old note where, upon demand, the old note is not surrendered but remains outstanding. In such circumstances, the consideration has failed. Holley v. Smalley, 50 App.D.C. 178, 269 F. 694. But in that very case we observed that the notes had been neither surrendered nor presented in court, nor accounted for. See also Perry v. Connell, Tex.Civ.App., 31 S.W. 685; Gilbert v. Cooper, 4 Rob., La., 161. But the rule does not apply where the old note is tendered to defendant in advance of trial or is brought into court and surrendered. Undoubtedly, this exception rests on the idea that the real consideration for the renewal note is the preexisting debt and that the surrender of the old paper is a condition which can be complied with after the suit is commenced without prejudice to any rights of the defendant. See Carnegie Trust Co. v. Rudolph Kleybolte & Co., 74 Misc. 246, 134 N.Y.S. 69; West v. Banigan, 51 App.Div. 328, 64 N.Y.S. 884, affirmed per curiam 172 N.Y. 622, 65 N.E. 1123; Harris v. Capps, Mo.App., 9 S.W.2d 87; and James Valley Bank v. Goldsmith, 52 S.D. 594, 219 N.W. 477, in all of which it was held that the defense of failure of consideration on the ground that the notes had not been returned, was not sustainable where the evidence showed that the holder was at all times ready to return the old notes and they were produced at the trial and offered and surrendered to the defendants. In the cases relied on by appellant the facts were wholly different or else the old note was never tendered and surrendered in court.[1] Here, admittedly appellant owed the trust company a debt of approximately $9,000 which was then due. Appellant apparently was unable to pay and at the request of the trust company executed a new note in 1933, evidencing the debt and extending time of payment for a year. Upon failure to pay the new note, the

[1] Pittsburgh B. Steel Co. v. Buckley, 51 N.Y.Super. 342; Miller v. Ritz, 3 E. D. Smith, N.Y., 253; Norrington v. Wright, 115 U.S. 188, 6 S.Ct. 12, 29 L. Ed. 366; Imperial Fire Ins. Co. v. Coos County, 151 U.S. 452, 41 S.Ct. 379, 38 L.Ed. 231; Loudenback Fert. Co. v. Tennessee Phosphate Co., 6 Cir., 121 F. 298, 61 L.R.A. 402; Yazoo & M. V. R. Co. v. Searles, 85 Miss. 520, 37 So. 939, 68 L.R.A. 715; Dermott v. Jones, 23 How. 220, 16 L.Ed. 442; Bank of Columbia v. Hagner, 1 Pet. 455, 7 L.Ed. 219; Delaware Trust Co. v. Calm, 195 N.Y. 231, 88 N.E. 53; Cook v. Bean, 17 Ind. 504.

trust company brought suit in 1937. The bar of the statute of limitations had then run against the old notes. While, of course, it was the duty of the trust company to deliver up the old notes on demand, the record does not show that demand was made before suit, and it does show that, when this defense was made, the old notes, marked "cancelled", were tendered to appellant and refused, and were then surrendered and filed by order of the court. Appellant does not claim to have sustained damage of any kind as the result of the delay in delivering the notes, and no third party rights had intervened. During the entire period after the suit was begun until the surrender, the old notes were barred by the statute of limitations. In these circumstances, to hold that the temporary failure to make delivery destroyed the collectibility of the debt, would be the adoption of a doctrine shocking to every proper sense of justice. We are, therefore, of opinion that the judgment of the court below was correct and should be, and is, affirmed.

Affirmed.