**UNITED STATES, Appellant,**

v.

**Phillip A. CEPHAS, Appellee.**

**No. 3532.**

District of Columbia Court of Appeals.

Submitted Sept. 14, 1964.

Decided Nov. 2, 1964.

David C. Acheson, U. S. Atty., Frank Q. Nebeker and Barry I. Fredericks, Asst. U. S. Attys., for appellant.

No appearance for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

On July 30, 1963, appellee was charged with a violation of the Dangerous Drug Act, Code 1961, § 33–702. On the same day he appeared in court and the case was continued until August 20, 1963. On that date he entered a plea of not guilty and requested a trial by jury. On October 3, 1963, he withdrew his jury demand, entered a plea of guilty, and was referred to the Probation Office for a presentencing investigation. A subsequent motion to withdraw his plea of guilty was granted on October 17, 1963, and the case was reset for November 18, 1963. On that date both the government and appellee agreed to a continuance to December 11, 1963. At that time, upon motion by appellee, the case was dismissed for want of prosecution.

Pursuant to a warrant issued on January 30, 1964, appellant was rearrested on March 11, 1964, and charged with the identical offense. At his request the case was continued until March 19, 1964, at which time he was arraigned, pleaded not guilty and requested a continuance until April 28, 1964. After a continuance of another day he was brought to trial on April 29, 1964.

At the outset of the trial appellee moved to dismiss the proceeding on the ground of double jeopardy. The court took the motion under advisement and asked the government to proceed with its case. Appellee's motion for judgment of acquittal at the close of the government's case was denied but on the authority of District of Columbia v. Healy, D.C.Mun.App., 160 A.2d 800 (1960), the court granted the motion to dismiss.

In Healy this court held as a matter of first impression that a dismissal of an information for lack of prosecution from which no appeal was taken, was a dismissal with prejudice and barred the filing of a second information charging the same offense. While Healy was not further appealed, the highest court of this jurisdiction had occasion thereafter to consider the same question in Mann v. United States, 113 U.S.App.D.C. 27, 304 F.2d 394 (1962), cert. denied 371 U.S. 896, 83 S.Ct. 194, 9 L.Ed.2d 127. There the court expressly disapproved of the rule announced in Healy and stated that unless a dismissal for want of prosecution is granted pursuant to a finding that the Speedy Trial Clause of the Constitution has been violated, the dismissal is without prejudice to prosecution on a new indictment or information.[1] The court also stated that a proper notation should be made at the time of the first dismissal.[2]

---

1. The dissent implies that there is a third class of cases not covered in the Mann opinion under which a dismissal for want of prosecution is with prejudice. It does not elaborate on this view nor suggest that the first dismissal here could amount to a violation of the Speedy Trial Clause of the Constitution.

2. The dissent contends that the failure to enter a proper notation in the case at bar was fatal. While Mann suggests that at the time of the first dismissal a proper notation be made "as a matter of form," this suggestion is of a supervisory rather than of a mandatory nature. There was no showing of prejudice here or how the defect, if any, was other than harmless error.

Here the first dismissal was not granted pursuant to a finding that the Speedy Trial Clause of the Constitution had been violated. Accordingly, it was without prejudice, and the trial court's reliance upon Healy was misplaced as it is no longer the law in this jurisdiction.

Reversed.

HOOD, Chief Judge (dissenting).

I dissent for the reason that I do not understand Mann v. United States, 113 U.S. App.D.C. 27, 304 F.2d 394 (1962), to hold that all dismissals for want of prosecution, except those based on the Speedy Trial Clause of the Constitution, are automatically dismissals without prejudice. I understand that Mann, rejecting the holding in District of Columbia v. Healy, D.C.Mun. App., 160 A.2d 800 (1960), that every dismissal for want of prosecution is necessarily with prejudice, holds that such a dimissal may be without prejudice. I do not understand Mann to hold that a trial court is without power to enter such a dismissal with prejudice.

I understand Mann to hold that where a dismissal for want of prosecution is without prejudice the defendant "is entitled to know whether the sword of Damocles still hangs over him"; and that a dismissal without prejudice should be so noted in order to give the defendant "the required warning"; and that in Mann the failure to so note the dismissal was not "fatal" because the required warning was given orally by the trial judge at time of dismissal.

In the present case the order of dismissal included no notation that it was without prejudice and the defendant was not given the required warning that he was still subject to prosecution under a new information. It appears to me that under the holding in Mann the dismissal here was not a dismissal without prejudice, and therefore it was a bar to the second information.