In the Matter of M. L. DeJ.

No. 7786.

District of Columbia Court of Appeals.

Oct. 23, 1973.

Warren C. Nighswander, Washington, D. C. and Bruce McHale, Public Defender Service, Washington, D.C., were on the motion for appellant.

C. Francis Murphy, Corp. Counsel, Michael J. Dowd, Jr. and Susan A. Low, Asst. Corp. Counsels, Washington, D. C., were on the opposition to the motion for appellee.

Before KERN,* NEBEKER and YEAGLEY, Associate Judges, in chambers.

NEBEKER, Associate Judge:

Appellant is a juvenile charged with carnal knowledge[1] and assault.[2] On September 3, 1973, a detention hearing was held before Judge Nunzio in Superior Court and appellant was ordered detained. On September 20, 1973, an application for reconsideration of this detention order was filed. The application was reviewed by Judge Burka, and an order denying same was entered on September 25, 1973. A notice of appeal from this order denying appellant's application for reconsideration of detention pending trial was filed on October 3, 1973. Appellant is currently confined at Oak Hill, in the Children's Center at Laurel, Maryland.

■ Corporation Counsel questions the jurisdiction of this court to consider this appeal and appellant's motion for summary reversal. It asks that the motion be summarily denied on grounds that it was untimely filed. D.C.Code 1973, § 16–2327(a) provides:

A child who has been ordered transferred for criminal prosecution under section 16–2307 or detained or placed in shelter care or subjected to conditions of release under section 16–2312, may, within *two days* of the date of entry of the Division's order, file a notice of interlocutory appeal. (Emphasis added.)

The District of Columbia takes the view that this two-day period is jurisdictional and that our review of the detention order is now impossible.

If this interlocutory appeal provision provides the exclusive means by which a juvenile may appeal a detention order then summary dismissal of appellant's motion would be required, since notice of appeal was not filed within the mandatory two-day period. It is our view, however, that Congress could not have intended that this court's jurisdiction to review detention orders would be defeated by noncompliance with the two-day filing period, a rule which would work substantial hardship upon juvenile petitioners. The interlocutory appeal procedure is merely one remedy available to a juvenile appellant who wishes to take it. Those who elect to file a timely appeal under § 16–2327 receive the advantage of a speedier appellate review provided by Congress in subsection (b) of that code provision.[3]

Although notice of appeal was not filed within two days, this court still maintains jurisdiction to consider the instant motion by viewing the order appealed from as a "final" order, cognizable by the court without regard to the two-day limitation described in the juvenile interlocutory appeal procedure.[4] The instant detention order and denial of reconsideration of same are analogous to pretrial bail orders. We have previously stated that "[s]uch bail orders are final as they relate to pretrial liberty. . . . ." Wise v. Murphy, D.C.App., 275 A.2d 205, 211 (1971); see also Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951).

■ Having decided that we have jurisdiction to hear the instant motion by view-

* Associate Judge Kern did not participate in this decision.

1. D.C.Code 1973, § 22–2801.

2. D.C.Code 1973, § 22–504.

3. Pursuant to D.C.Code 1973, § 16–2327(b) the District of Columbia Court of Appeals shall: (1) hear argument on an appeal on or before the third day (excluding Sundays) after filing of notice under subsection (a); (2) dispense with any requirement of written briefs; and (3) render its decision on or before the next day following argument. The court may also dispense with the issuance of a written opinion.

4. Authority for jurisdiction over final orders and judgments of the Superior Court is provided in D.C.Code 1973, § 11–721(a)(1).

ing the order appealed from as a "final" order, we turn now to the merits of the appeal. Appellant initially contends that the court's finding of "dangerousness" necessitating detention is not supported by the record. When the juvenile court exercises its discretion with knowledge of the salient facts, that decision will not be disturbed absent clear abuse. Creek v. Stone, 126 U.S.App.D.C. 329, 334, 379 F.2d 106, 111 (1967). While the record before the court is not complete, appellant's motion for summary reversal states that the original detention order entered by Judge Nunzio "to protect the person of others" was based solely on "the nature and circumstances of the pending charge." Standing alone, this would not constitute sufficient grounds for detention. It is permissible for a trial judge to order a juvenile detained prior to a factfinding hearing when necessary to protect the person of others;[5] however, in making that determination, Super.Ct.Juv.R. 106(a)(1) provides that the following factors shall be deemed relevant:

(i) Record of the child's previous offenses against persons,

(ii) Record of the child's previous weapons offenses,

(iii) Nature and circumstances of the pending charge,

(iv) Nature and circumstances of other pending charges, if they involve an offense against the person or a weapons offense,

(v) Allegations of danger or threats to witnesses, and

(vi) Emotional character and mental condition of the child.

We have no indication that anything other than the "nature and circumstances of the pending charge" was considered below. By statute, a juvenile court judge is required to articulate his reasons for ordering detention if he finds that the child's detention is required to protect the person of others.[6]

 Since appellant seeks summary reversal he has the burden of demonstrating that the merits of his claim so clearly warrant relief as to justify expedited action.[7] The record before this court is not sufficiently complete for us to make a decision on the merits at this time. While appellant has submitted the factual affidavit required by D.C.App.R. 9(c)(2), we do not have before us the findings of the trial court and the reasons for detention required by D.C.Code 1973, § 16–2312(d) and D.C.App.R. 9(a)(2). The trial court may indeed have relied on other factors, in addition to the nature of the pending charges, in ordering detention, and the task of articulating those reasons should pose no burden. Of course, reasons phrased in statutory language which are ultimate conclusions are insufficient. The underlying rationale must also be expressed. After the trial judge (who has had a much closer relationship to appellant than we) has presented us with his findings, we will be better situated to render a fair view of the merits of appellant's motion.[8]

 Accordingly, we hold the motion in abeyance and remand the record to the Superior Court with directions that Judge Nunzio, who entered the original detention order, shall promptly file a statement of reasons pursuant to D.C.Code 1973, § 16–2312(d) and D.C.App.R. 9(a)(2). This remand is without prejudice to vacating the detention order, if on reconsideration such is deemed proper.

So ordered.

---

5. D.C.Code 1973, § 16–2310(a)(1).

6. D.C.Code 1973, § 16–2312(d)(1)(A).

7. Ashe v. Robinson, 146 U.S.App.D.C. 220, 450 F.2d 681 (1971); United States v. Allen, 133 U.S.App.D.C. 84, 408 F.2d 1287 (1969).

8. Cf. Weaver v. United States, 131 U.S.App. D.C. 388, 405 F.2d 353 (1968).