**DISTRICT OF COLUMBIA and John R. Risher, Jr., Corporation Counsel, D.C., Petitioners,**

**v.**

**The Honorable William C. PRYOR, Associate Judge of the Superior Court of the District of Columbia, Respondent.**

**No. 10868.**

District of Columbia Court of Appeals.

Argued Oct. 21, 1976.

Decided Nov. 12, 1976.

E. Calvin Golumbic, Asst. Corp. Counsel, Washington, D.C., with whom John R. Risher, Jr., Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the petition, for petitioners.

Frederick B. Abramson, Washington, D. C., for respondent.

Before NEBEKER and HARRIS, Associate Judges, and REILLY, Chief Judge, Retired.

NEBEKER, Associate Judge.

The issue presented by this petition for extraordinary relief (28 U.S.C. § 1651 (1970)) is whether a judge of the Superior Court has the power to appoint the Corporation Counsel of the District of Columbia to represent a private petitioner in an involuntary civil commitment proceeding. In each of the two proceedings which gave rise to this matter, a parent filed a petition with the Commission on Mental Health for the involuntary civil commitment of an adult son or daughter. The Commission on Mental Health, an agency of the Superior Court, concluded that both potential wards were mentally ill and recommended that they be involuntarily hospitalized, pursuant to D.C.Code 1973, § 21–545. Through appointed Public Defender Service counsel, both potential wards demanded jury trials, pursuant to D.C.Code 1973, § 21–544. The Superior Court judge then appointed the Corporation Counsel to represent the District's interest by acting as counsel for the parental petitioner in each case. The Corporation Counsel then filed the instant petition seeking to have the Superior Court judge vacate his orders of appointment. In support of the petition, it is asserted that the Corporation Counsel is not required by statute to represent private petitioners and that a Superior Court judge has no power to make such an appointment. We agree.

D.C.Code 1961, § 21–312, the forerunner to D.C.Code 1973, § 21–545, provided in part:

In any case in which a commitment at public expense, in whole or in part, is sought, the corporation counsel or one of

his assistants shall represent the petitioner unless said petitioner shall be represented by counsel of his or her own choice.

This provision was omitted from the present § 21–545 when the District of Columbia Hospitalization of the Mentally Ill Act was passed in 1964,[1] and codified in 1965.[2] The legislative history[3] of the Act makes no mention of why the provision was deleted. Since the current statute is plain and unambiguous on the question of governmental representation of private petitioners, there is no basis to presume a congressional intent to permit court appointment of the Corporation Counsel under authority of § 21–545.

█ The question, then, becomes whether a Superior Court judge has the inherent discretionary authority to appoint the Corporation Counsel in cases such as these. D.C.Code 1973, § 1–301, sets forth the duties of the Corporation Counsel. It provides:

> The corporation counsel shall be under the direction of the Commissioner, and have charge and conduct of all law business of the said District, and all suits instituted by and against the government thereof. He shall furnish opinions in writing to the Commissioner, whenever requested to do so. . . . He shall perform such other professional duties as may be required of him by the Commissioner.[4]

Subservience to the chief executive officer of the District government is the major thesis of this provision. To accept or create an additional obligation to obey a court order to undertake representation of private citizens in mental health cases would not only be antithetical to the statute, but also would be contrary to the separation of powers concept so solidly ingrained in our governmental system. *See* D.C.Code 1973, §§ 1–301 and 11–101. That one in public office is also a member of the Bar can be of no significance, for the two roles cannot be deemed separate and the order of appointment cannot be based on professional association as paramount to official responsibility and authority.

To be sure, nothing in the statutes precludes the Corporation Counsel from undertaking the representation of a private, moving party in a civil commitment proceeding when it is deemed proper or necessary, but that determination is one for the executive. While we are not unaware of the practical problem faced by Superior Court judges in assuring that petitioners in these cases have counsel, the solution to the problem must lie in making appointments which do not violate the separation of powers. Thus, the court should rely upon members of the private Bar to provide the necessary representation.[5]

We deem it unnecessary to issue formal process, as we are confident that respondent will vacate the orders previously entered appointing the Corporation Counsel. In lieu of issuing a writ, the clerk will transmit a certified copy of this opinion to respondent.

*So ordered.*

1. Pub.L. No. 88–597, 78 Stat. 944.

2. Pub.L. No. 89–183, 79 Stat. 685.

3. S.Rep. No. 925, 88th Cong., 2d Sess. (1964) ; H.R.Rep. No. 1833, 88th Cong., 2d Sess. (1964) ; 110 Cong.Rec. 14552 *et seq.* (1964). Nor, in fact, does the legislative history of the forerunners to D.C.Code 1961, § 21–312, explain why Congress originally adopted the particular provision.

4. The office of Commissioner has been replaced by the office of the Mayor. D.C.Code 1975 Supp., § 1–301.

5. *See* ABA Code of Professional Responsibility EC 2–25 (as adopted by D.C.Court of Appeals, April 1, 1972).