397 A.2d 974 (1979)
In the Matter of B. P., Appellant.
No. 14074.
District of Columbia Court of Appeals.
February 9, 1979.
Maxine Auerbach, Public Defender Service, was on appellant's motion for summary reversal.
Louis P. Robbins, Acting Corp. Counsel, Michael J. Dowd, Jr., Asst. Corp. Counsel and Paul Alper, Asst. Corp. Counsel, Washington, D. C., were on the opposition to the motion for summary reversal.
Before GALLAGHER[*], NEBEKER and YEAGLEY, Associate Judges, in chambers.
NEBEKER, Associate Judge:
This case is before the court on a motion for summary reversal of a Superior Court judge's order committing a juvenile probationer to the custody of the District of Columbia Social Rehabilitation Administration. The two issues presented are (1) whether the Corporation Counsel may initiate juvenile probation revocation proceedings in the absence of a recommendation for such action from the Director of Social Services and (2) whether, when a juvenile is detained pending a probation revocation hearing, the committing judge must provide a statement of reasons for the detention. In an unreported order, dated November 9, 1978, we answered both questions affirmatively and remanded the record to the Superior Court with instructions that the committing *975 judge supply us with the required detailed statement of reasons. That order is included as an appendix to this opinion.
The juvenile in this case was placed on probation in March of 1978 after adjudication on an attempted robbery charge. He was arrested again in October of 1978 and charged with robbery and was released to the custody of his parents by the police pending further action on the new complaint. Acting on the recommendation of the Director of Social Services, the Corporation Counsel filed a charging petition. In addition, the Corporation Counsel filed a petition to revoke probation, although the Director of Social Services had not recommended this action. Upon finding probable cause to believe that the juvenile had committed the alleged offense, the trial court ordered him detained pending a resolution of the probation revocation issue at the scheduled hearing. A motion for reconsideration of detention, pursuant to Super.Ct. Juv.R. 107(c), was not filed. This court suggested that such motions be filed in these situations in In re R.D.S., D.C.App., 359 A.2d 136, 138 (1976).
In the motion for summary reversal it is argued that under Super.Ct.Juv.R. 32(f)(1) probation revocation proceedings may not be commenced absent a recommendation from the Director of Social Services. Rule 32(f)(1), reads as follows:
(1) REFERRAL TO DIRECTOR OF SOCIAL SERVICES. Complaints alleging that a minor on probation has violated a term or condition of his probation shall be referred to the Director of Social Services. If any of the acts alleged in the complaint amount to a delinquent act which must be recommended for petitioning under the intake criteria of SCL-Juvenile 103, the Director of Social Services shall refer the complaint to the Corporation Counsel with a recommendation that a new petition alleging a delinquent act be filed. If the acts alleged in the complaint may be recommended for petitioning as delinquent acts under the intake criteria of SCR-Juvenile 103, or if they merely violate the terms or conditions of probation without constituting delinquent acts, the Director of Social Services may attempt to adjust the matter informally, or may refer the complaint to the Corporation Counsel with a recommendation either that a delinquency petition be filed or that a probation revocation petition be filed or both. In such cases, the Corporation Counsel may proceed upon the basis of a new delinquency petition or upon the basis of a probation revocation petition or both, but evidence of any delinquent act denied by the child must be established by proof beyond a reasonable doubt.
In our order of November 9, 1978, we did not read this rule as requiring such a recommendation before the Corporation Counsel may act. Rather we held the rule to be permissive in nature, merely providing one way to initiate probation revocation proceedings. Furthermore, the actions taken by the Corporation Counsel in this case were authorized by D.C.Code 1978 Supp., § 16-2327(b), which places no restrictions on the Corporation Counsel's authority to file such petitions. We therefore held in our earlier order that Rule 32(f)(1) is not a bar to the initiation of probation revocation proceedings by the Corporation Counsel.
In our November 9 order we also held that the committing judge should have stated his reasons for the detention in the detention order. D.C.Code 1978 Supp., § 16-2327(c) requires that the procedures for detaining a juvenile pending a hearing on probation revocation conform, as nearly as is appropriate, with procedures established for detaining juveniles in other circumstances. D.C.Code 1973, § 16-2312(d) establishes the procedures for pretrial juvenile detentions and applies through § 16-2327(c) supra, to this situation in requiring that a statement of reasons for the detention be supplied. Also see D.C.App.R. 9(a)(2) and In re M.L.DeJ., D.C.App., 310 A.2d 834, 836 (1973). The committing judge has now supplied us with a statement of his reasons for the detention. Our review of that statement and the decision to commit the juvenile is limited and we see no basis to overturn that decision.
*976 The motion for summary reversal is denied. The trial court's order of detention is affirmed.

APPENDIX
Before: Gallagher,[*] Nebeker and Yeagley, Associate Judges.

ORDER
PER CURIAM.
This cause came on for consideration on appellant's motion for summary reversal raising the question whether the Corporation Counsel or the Court may institute a juvenile probation revocation proceeding absent a recommendation from the Director of Social Services. See Super.Ct.Juv.R. 32(f)(1) and appellee's opposition thereto. The trial judge, on October 31, 1978, ordered B.P. to be committed to the custody of Social Rehabilitation Administration pending a hearing scheduled for December 1, 1978, on the matter of probation revocation. Appellant's argument is that Rule 32(f)(1) disables probation revocation proceedings from commencement absent a recommendation from the Director of Social Services. However, D.C.Code 1978 Supp., § 16-2327(b) provides no restriction upon the filing by the Corporation Counsel of a petition for probation revocation as was done in this case. To permit a rule of court to override the independent authority of the executive branch of the government would be antithetical to the separation of powers concept and the provisions of D.C.Code 1973, § 1-301, setting forth generally the duties of the Corporation Counsel, and D.C. Code 1973, § 16-2305. See D.C.v. Pryor, D.C.App., 366 A.2d 141, 143 (1976). Accordingly, we hold that Rule 32(f)(1) does not bar the institution of the present revocation proceedings.
The provisions of D.C.Code 1978 Supp., § 16-2327(c) require that as nearly as may be appropriate probation revocation proceedings shall conform to the procedures established for delinquency cases. Accordingly, the provisions of D.C.Code 1973, § 16-2312(d), are made applicable and thus this case must be treated as if it were a pretrial detention matter. It appears from the record that the order of detention did not contain a detailed statement of reasons and hence is not in compliance with § 16-2312(d), D.C.App.R. 9(a)(2) and In re M.L. DeJ., D.C.App., 310 A.2d 834, 836 (1973). It also appears that no motion for reconsideration of detention was filed by appellant pursuant to Super.Ct.Juv.R. 107(c) as suggested by this Court in In re R.D.S., D.C. App., 359 A.2d 136, 138 (1976). On consideration of the foregoing, it is
ORDERED that the record is hereby remanded to the Superior Court with directions that the trial judge promptly file a detailed statement of his reasons for detention.
This order of remand is without prejudice to modification of the detention order if, on reconsideration, the trial judge deems such modification proper.
Promptly upon completion of the remand proceedings the Clerk of the Superior Court is directed to return the record as supplemented forthwith.
NOTES
[*] Associate Judge Gallagher did not participate in the decision of this case.
[*] Associate Judge Gallagher did not participate in the foregoing order.