**Ralph E. COLEMAN, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 79–592.

District of Columbia Court of Appeals.

Argued Dec. 13, 1979.

Decided May 5, 1980.

Melvin A. Marshall, Washington, D.C., appointed by the court, for appellant.

Barry M. Tapp, Asst. U.S. Atty., with whom Carl S. Rauh, U.S. Atty., Washington, D.C., at the time the case was briefed, and John A. Terry, Michael W. Farrell and Steven C. Tabackman, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before GALLAGHER, NEBEKER and MACK, Associate Judges.

NEBEKER, Associate Judge:

█ This appeal from a pretrial denial of a double jeopardy motion presents an inter-esting and somewhat unfortunate consequence of the Supreme Court's decision in *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). In that case the Supreme Court held that a pretrial order denying a motion to dismiss, predicated on double jeopardy grounds, is final and appealable. It acknowledged the fears of the Solicitor General on the probability that a frivolous double jeopardy claim could be raised under an *Abney* appeal with the attendant delay in the trial of the case, but suggested the use of "summary procedures and calendars to weed out frivolous claims of former jeopardy." *Id.* at 662 n. 8, 97 S.Ct. at 2042. We hold that while an appeal will lie under *Abney*, where the issue raised under the double jeopardy clause is frivolous, the appeal is subject to summary dismissal under the criteria of *Ashe v. Robinson*, 146 U.S.App.D.C. 220, 222, 450 F.2d 681, 683 (1971). *See also Columbia Realty Venture v. District of Columbia Housing Rent Commission*, D.C.App., 350 A.2d 120, 121 (1975); *In re DeJ.*, D.C.App., 310 A.2d 834 (1973).

In May 1978, appellant was charged in a one-count information with possession of a dangerous drug in violation of D.C.Code 1973, § 33–702(a)(4). During the ensuing seven months, numerous continuances, not at the behest of the government, occurred. In January 1979, the government announced that it was not ready for trial and the trial judge dismissed the information for want of prosecution. On March 2, 1979, a second information charging delivery (D.C.Code 1973, § 33–702(a)(1)), was filed and appellant moved to dismiss it on speedy trial grounds. That speedy trial motion was denied within three weeks of the filing of the information. One month later, the appellant sought dismissal on the grounds of double jeopardy and what he termed prosecutorial misconduct. This motion was denied on May 18, 1979, and a notice of appeal was filed that day. The record on appeal was subsequently filed on July 5, 1979. Appellant's brief was filed on August 20, and the government's brief was filed on September 18. The case was heard on December 13. During this delay, proceedings

**530**

necessarily have been stayed in the trial court for we hold to the rule that filing for a timely notice of appeal divests the trial court of jurisdiction.

█ On appeal appellant argued that the dismissal for want of prosecution was with prejudice and since the government did not appeal, no subsequent information could be filed. This argument is frivolous for "unless a dismissal for want of prosecution is granted pursuant to a finding that the Speedy Trial Clause of the Constitution has been violated, the dismissal is without prejudice to prosecution on a new indictment or information." *United States v. Cephas*, D.C.App., 204 A.2d 572, 573 (1964) (footnote omitted).* Moreover, even if this argument had any merit, it is quite clear that there is no colorable claim of former jeopardy available in this context, for no juror or witness was ever sworn. As can be seen from the foregoing chronology, the appellant has succeeded through this appeal, plus the filing of his double jeopardy motion, in obtaining a delay of almost one year.

We recognize that *Abney* permits an immediate appeal whenever a double jeopardy motion is denied, but it does not necessarily follow that the appeal must wend its way through the appellate process with the attendant advantage to the accused of delay. A mechanism does exist for the dismissal of frivolous appeals. *See Pine View Gardens, Inc. v. Jay's Frosted Foods, Inc.*, D.C.App., 299 A.2d 536 (1973). *See also Dallas Mailers Union, Local No. 143 v. NLRB*, 144 U.S.App.D.C. 254, 256–57, 445 F.2d 730, 732–33 (1971) (opinion by Judge Tamm lamenting the burden caused by frivolous appeals).

We are not unmindful of the innovative technique adopted by the Fifth Circuit in *United States v. Dunbar*, 611 F.2d 985 (5th Cir. 1980) (en banc), whereby the trial court, on determination by it of frivolity in the former jeopardy claim, retains jurisdiction to proceed to trial despite the pending appeal. We choose, however, to use a summary appellate procedure for determining frivolity rather than risk reversal of a conviction at a trial held during an appeal where this court holds the issue to be nonfrivolous. *Id.* at 989.

We are confident, though the government did not move to summarily affirm or dismiss in this case, that should subsequent frivolous *Abney* appeals be brought, the issue will be quickly joined by an appropriate motion.

The appeal is dismissed as frivolous.

*So ordered.*

MACK, Associate Judge.

Since I cannot assume that the instant appeal was brought for the purpose of delay, I would affirm the order of the trial court denying appellant's motion to dismiss the second information.

* Appellant argues that the holding in *Cephas* is invalid because only the court en banc could have overruled the decision of *District of Columbia v. Healy*, D.C.Mun.App., 160 A.2d 800 (1960), a decision holding that a dismissal for lack of prosecution, without appeal by the government, was a dismissal with prejudice.

We note in passing that the full court (then three judges) did sit in *Cephas*, but in any event, *Mann v. United States*, 113 U.S.App.D.C. 27, 304 F.2d 394 (1962), as well as *United States v. Mack*, D.C.App., 298 A.2d 509 (1972), are dispositive of appellant's contention.