v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 83–607.

District of Columbia Court of Appeals.

Submitted May 22, 1984.

Decided July 16, 1984.

John A. Waller, Washington, D.C., was on the brief for appellant.

Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel and Michele Giuliani, Asst. Corp. Counsel, Washington, D.C., were on the brief for appellee.

Before MACK and PRYOR, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

This appeal is taken from an order of the Superior Court, Family Division, entered May 17, 1983, which determined appellant to be the natural father of a minor child and ordered that he pay fifty dollars each month to the natural mother for the support and maintenance of the child. The petition to establish paternity was brought by Corporation Counsel on behalf of the child despite the fact that the natural mother was not a recipient of public assistance either prior to or at the filing of the suit [1] as is prescribed under D.C.Code § 16–2341(a) (1981).[2] No challenge is raised to the sufficiency of the evidence establishing paternity. Instead, appellant attacks the validity of the court's order on the theory that § 16–2341(a) permits Corporation Counsel to file such an action *only* "[w]here a public support burden has been incurred or is threatened" and, he asserts, neither condition was met. Upon review before us is whether the trial court properly denied appellant's motion to dismiss the petition. We affirm.

The mandate of § 16–2341(a) clearly provides that Corporation Counsel "shall bring a civil action" in a parentage proceeding where there is or *may be* a public support burden. Thus appellant contends that where there is *no* existing or threatening public support burden the statute conversely operates to preclude such actions. Appellee, on the other hand, points to D.C.

---

1. The natural mother was a single parent, working with a gross monthly income of $1,086.80, receiving financial assistance from her family, and having monthly expenses, including child care expenses, of $965.50 per month. She verified the contents of the paternity petition and, we may assume, initially contacted Corporation Counsel for its assistance.

2. In pertinent part, § 16–2341 provides:

    (a) Where a public support burden has been incurred or is threatened, the Corporation Counsel, or any of his assistants, shall bring a civil action in the Family Division on behalf of any spouse or child to enforce support of such spouse or child.

**1088**

Code § 1–361 (1981),[3] under which Corporation Counsel is obligated to "have charge and conduct of all law business" of the District of Columbia, and argues that it confers upon Corporation Counsel broad authority to represent the District whenever such representation is deemed appropriate to advance the public interest. To support its position, appellee cites *District of Columbia v. Pryor*, 366 A.2d 141 (D.C. 1976) in which this court stated, "nothing in the statutes precludes the Corporation Counsel from undertaking the representation of a private, moving party ... when it is deemed proper or necessary ...." *Id.* at 143. *Pryor* was decided under § 1–301, the predecessor to § 1–361, which was substantially the same. We held therein that a superior court judge lacks power to appoint Corporation Counsel to represent the parental petitioner in an involuntary commitment proceeding. Thus, the language seized upon by appellee was not, strictly speaking, vital to the court's ruling.

We need not, however, address these arguments or determine whether, under the aegis of § 1–361, the Corporation Counsel may initiate parentage proceedings where no public support burden exists or is threatened.[4] The record at bar indicates that appellant's motion to dismiss was premised, in relevant part, upon the *failure to allege* that a public support burden existed or was threatened. Thus, at issue was whether the petition was fatally defective, not whether the Corporation Counsel exceeded its statutory authority. We conclude the petition was not defective. Moreover, on the basis of the record before us, we cannot say that the Corporation Counsel did not consider a public support burden to be threatening, thereby making the nat-

ural mother eligible for representation under § 16–2341(a).

*Affirmed.*

---

**3.** In pertinent part, § 1–361 provides:

The Corporation Counsel shall be under the direction of the Mayor, and have charge and conduct of all law business of the said District, and all suits instituted by and against the government thereof. He shall furnish opinions in writing to the Mayor, whenever requested to do so. All requests for opinions shall be transmitted through the Mayor, and a record thereof kept, with the opinions, in the

Office of the Executive Secretary of the Mayor. He shall perform such other professional duties as may be required of him by the Mayor.

**4.** In light of this conclusion, we also need not reach whether the District's fiscal interest in receiving federal payments under Congress' Child Support Program might sanction such actions.