UNITED STATES, Appellant,

v.

Willie J. YOUNG, Appellee.

No. 4316.

District of Columbia Court of Appeals.

Submitted Nov. 20, 1967.

Decided Jan. 19, 1968.

---

David G. Bress, U.S. Atty., Frank Q. Nebeker and Scott R. Schoenfeld, Asst. U.S. Attys., were on the brief, for appellant.

Frederick H. Evans and James T. Wright, Washington, D.C., were on the brief for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

MYERS, Associate Judge:

Appellee was charged by information with negligent homicide,[1] pleaded not guilty and demanded a jury trial. Because the Government was not prepared to prosecute on the trial date or on either of two successive dates to which the case had been continued, the trial judge dismissed the information, noting on the record only: "Dismissed for want of prosecution." Approximately two months later, a second information was filed charging the same offense. When this new charge came on for trial, appellee moved to dismiss on the ground that he had been denied a speedy trial. From the granting of that motion, the present appeal was taken.

The record discloses that there were two bases for the final dismissal. The trial court concluded, *first,* that the earlier dismissal had been on speedy trial grounds and was intended to be a dismissal with prejudice; and, *second,* after an independent examination of the delays in bringing the case to trial, especially those that had occurred since the first dismissal, and after considering the prejudice to appellee resulting from those delays, that appellee could no longer stand trial without being denied his constitutional right to a speedy trial.

■ With respect to the first basis, absent any notation on the record or an oral statement by the first judge that he was dismissing the case with prejudice, the trial court's conclusion was not warranted. Mann v. United States, 113 U.S.App.D.C. 27, 304 F.2d 394, cert. denied, 371 U.S. 896, 83 S.Ct. 194, 9 L.Ed.2d 127 (1962); United States v. Cephas, D.C.App., 204 A.2d 572 (1964). There were, however, reasonable grounds for the trial court's independent conclusion that forcing appellee to stand trial would deny him his right to a speedy trial.

■ Appellee was in an automobile accident on April 14, 1966, which resulted in

1. D.C.Code § 40–606 (1967).

the negligent homicide charge against him. On May 10, 1966, he pleaded not guilty and demanded a jury trial. The case was set for hearing on June 13, 1966, at which time appellee appeared ready for trial, but the Government requested and was granted a continuance to July 20, 1966, because one of its witnesses was absent from the jurisdiction. In July the same witness was still absent and the Government was granted another continuance. On the new trial date, August 24, 1966, the witness had returned, but another witness was absent and the Government was still not prepared to proceed. The trial court then dismissed the case for want of prosecution. On October 18, 1966, appellee was again charged with the same offense. When the case came on for trial on November 29, 1966, the court granted appellee's motion to dismiss with prejudice.

By its own admission, the Government was lax in reinstating the charge—almost two months after the first dismissal. By the time the case came on for trial in November, seven and one-half months had elapsed from the date of the accident, and five and one-half months had passed since appellee had first presented himself ready to stand trial. No part of the five and one-half months' delay can be attributed to appellee; nor can it be said that appellee, who opposed the granting of one continuance and moved for dismissal when another continuance was requested, failed to assert his right to a speedy trial.

Although the present case came on for trial before our decision in Bond v. United States, D.C.App., 233 A.2d 506 (1967), the trial court considered each of the elements necessary to maintain a speedy trial challenge to a prosecution, which we outlined subsequently in *Bond*. The record reflects that the trial court was convinced—and we agree—that the delays, wholly attributable to the Government, were not absolutely necessary and could have been limited with the exercise of appropriate diligence; and although the delays were not in bad faith, they resulted from a deliberate choice for a prosecutorial advantage and were as oppressive to appellee as if they had been in bad faith. The court concluded that the total time consumed between the date of the accident and the date on which the Government was finally prepared to prosecute was unreasonable and resulted in a denial to appellee of his constitutional right to a speedy trial.

Although appellee was not incarcerated, his liberty was necessarily restricted by the pendency of the criminal charge, and he was caused anxiety, concern and embarrassment. Appellee, a taxicab driver, had his license revoked until the disposition of the serious charge against him, and his ability to find substitute employment was necessarily impaired. The trial court, therefore, properly found that appellee had been prejudiced by the delay in bringing his case to trial.

▮ The Sixth Amendment guaranty of a speedy trial "is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966). Prolonging the anxiety and concern unreasonably and extending the oppression that may accompany criminal prosecution can sometimes constitute a denial of a defendant's right to a speedy trial. Klopfer v. State of North Carolina, 386 U.S. 213, 221–222, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

In the present case the prolongation of the proceedings by the prosecutor was not reasonable in the light of the hardship and prejudice arising from the delay and amounted to a denial of appellee's constitutional guaranty of a speedy trial. The case was therefore properly dismissed with prejudice.

Affirmed.