### State of Vermont v. Robert Eugene Dragon

[298 A.2d 856]

No. 111-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 5, 1972

*Robert I. Tepper*, State's Attorney, for the State.

*Glover & Fink,* Ludlow, for Defendant.

**Smith, J.** The defendant was tried by jury in the Rutland County Court on June 1 to June 4, 1971, on charges of breaking and entering, resulting in a verdict of guilty. He has brought his appeal here on the grounds that he was not afforded a speedy trial as provided in Article 6 of the Constitution of the United States and Chapter I, Article 10, of the Vermont Constitution. Motions for dismissal of the case on such grounds were filed by the defendant on May 5, 1971, and again on June 11, 1971. Both motions, after hearing, were denied by the court below.

The defendant was arrested on October 7, 1970, and trial was not held until some seven and a half months later. At the time of the arrest, and at all subsequent times, the defendant was confined to the Vermont State Prison by reason of a previous criminal conviction. The defendant was first arraigned on October 19, 1970, at which time competent counsel was assigned by the court to represent him. Upon his standing mute, the court entered a plea of not guilty and set bail at $2500.00.

Between October 19, 1970, and May 5, 1971, the record does not show any action on the part of either the State or the defendant to move for trial of the cause; although during that period the State *nolle prossed* a charge against the

defendant of being a fourth offender under the statute, upon which he had also been arraigned.

On May 5, 1971, the defendant filed a motion to take the depositions of certain witnesses, as well as his motion to dismiss. His motion to dismiss was denied by the lower court, but his motion to take the depositions of certain witnesses was granted, and a time and place set for such proceedings. Motions were also filed by the defendant on May 15 and May 24, 1971, relative to the production of evidence for his defense, with the contents of such motions and the action taken upon them by the lower court not being material here.

On May 25,. 1971, the defendant was again arraigned in the Rutland County Court, and the defendant again standing mute, the court entered a plea of "not guilty" and set trial for June 1, 1971. On June 1, 1971, the defendant filed his second motion to dismiss the action because of a claimed denial of his rights to a speedy trial, which was denied by the court, and trial was commenced. .

The contention of the defendant here is that the lower court erred in denying his motion to dismiss. He argues that the seven and a half months interval between arrest and trial denied him his rights to a speedy trial, and that such delay was solely the cause of the State. He cites in support of his position the cases of United States v. Young, 237 A.2d 542 (D.C. Ct. App. 1968), and State v. Gray, 1 Ohio 2d 28, 203 N.E.2d 319 (1964).

In United States v. Young, supra, although the defendant was ready for trial on two different occasions, the Government was granted continuances because of the absence of a witness. Upon the defendant being ready for trial a third time, and the Government again requesting a continuance due to the absence of a witness, the court held that the delays in trial were wholly attributable to the Government and granted the defendant a dismissal. Also taken into consideration in that case was the fact that the defendant was a taxi driver, had lost his driving license during the six months' period between his arrest and dismissal of the case, which caused him anxiety, concern and embarrassment. Such are not the circumstances of this case, where no motions for continuance were made by the State, nor was the defendant

subjected to any anxiety or embarrassment because of the delay in trial, he having been in confinement at all times in the State Prison because of a previous conviction.

*State* v. *Gray, supra,* granted a dismissal on the ground that the defendant was denied a speedy trial when the court found that the State alone caused the delay. No such proof has been presented by the defendant here, it appearing that neither the State nor the defendant moved for an earlier trial in the matter.

The defendant has also cited *Klopfer* v. *North Carolina,* 386 U.S. 213, 18 L.Ed.2d 201, 87 S.Ct. 989 (1967), in support of his position. That case, however, was mainly concerned with a North Carolina procedure of allowing a prosecutor to enter a *"nolle prosequi* with leave," which enabled a prosecutor to indefinitely postpone trial and is not applicable here.

■■ In the recent United States Supreme Court decision in *Barker* v. *Wingo,* 407 U.S. 514, 33 L.Ed.2d 101, 92 S.Ct. 2182 (1972), the Supreme Court pointed out that the right to a speedy trial is generally different from other constitutional rights for the protection of an accused. A delay in trial can work to the advantage of an accused as well as to the prosecution. Although the primary burden is on the courts and prosecutors to assure that cases are brought to trial, the failure of a defendant to assert his right to a speedy trial will make it difficult for him to prove that he was denied such a right.

■ A court confronted with a motion for dismissal on the ground that the defendant has been deprived of a fair trial must make its decision on a balancing test in which the conduct of both the prosecution and the defendant must be weighed. Each case must be approached on an *ad hoc* basis. The Court indicated four factors that should be taken into consideration. These are:

(1) Length of delay
(2) The reason for the delay
(3) The defendant's assertion of his right, and
(4) Prejudice to the defendant.

"Whether delay in completing a prosecution such as here occurred amounts to an unconstitutional deprivation of rights depends upon the circumstances. [Citations omitted.] The delay must not be purposeful or oppressive." *Pollard* v. *United States,* 352 U.S. 354, 361, 1 L.Ed.2d 393, 399, 77 S.Ct. 481 (1957).

Our own Court has held that the right to a prompt trial serves a three-fold purpose:

"If the accused is confined awaiting trial it protects him against prolonged imprisonment prior to the determination of his guilt or innocence. It protects him against prolonged anxiety and public embarrassment attendant upon an untried accusation of crime. It protects the accused from the hazards of excessive delay which might deprive him of witnesses in his behalf or dull their memories in the recall of the event and circumstances relevant to the charge." *State* v. *Mahoney,* 124 Vt. 488, 490, 207 A.2d 143 (1965).

The delay here, as we have before stated, was approximately seven and a half months from arrest to trial. There is nothing in the record before us, nor does the defendant complain, that such delay was oppressive or purposeful on the part of the State. We suspect that the delay in time was caused by several factors, both on the part of the State and that of the defendant. Primarily may have been the fact that with the defendant already in confinement upon a previous conviction, and, hence, was not being deprived of his liberty on the charge pending, lessened the desire of either State or defendant to move for immediate trial. It is possible that some benefit resulted to the defendant because of the delay for during such period the charge of being a fourth offender, which was pending against him, was *nolle prossed* by the State. It is also obvious from the record, that although the defendant was represented by counsel, he made no effort to prepare his defense until his motion filed May 5, 1971. In weighing the record before us, it appears, on balance, that the delay in this instance was caused as much by the failure of the defendant to prepare his defense as it was on the State

to move for a speedier trial. The failure of the defendant to assert his right to move to dismiss the cause for lack of a speedy trial until, at the same time, he first moved to prepare his defense weakens his assertion that a speedy trial was denied him. Significant in this aspect of the cause before us is that the defendant was afforded a trial in less than a month from the time he first started to prepare his defense.

Defendant did not assert that the delay in his trial had in any way hindered his efforts to prepare his defense, or resulted in a deprivation of witnesses, or dulled their memories. The defendant has not shown that the delay before trial caused him anxiety, concern or embarrassment.

Because each motion for dismissal for lack of a speedy trial must be decided upon its own circumstances, this Court does not hold that a delay of seven and a half months between arrest and trial might be a denial of speedy trial under other circumstances. Under the circumstances before us in the instant case, we hold that such delay was not a denial of the right of speedy trial as provided in the Constitution of the United States and the Vermont Constitution.

The entry is: *Affirmed.*