**UNITED STATES, Appellant,**

v.

**Roland W. MACK, Appellee.**

**No. 6442.**

District of Columbia Court of Appeals.

Argued Sept. 25, 1972.

Decided Dec. 28, 1972.

Gregory C. Brady, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and James A. Adams, Asst. U. S. Attys., were on the brief, for appellant.

Paul R. Hoeber, San Francisco, Cal., with whom Sarah Brown, Washington, D. C., was on the brief, for appellee.

Before KERN, NEBEKER and HARRIS, Associate Judges.

KERN, Associate Judge:

The Government appeals from an order dismissing *with prejudice* for want of prosecution two informations charging appellee with possession of narcotics in violation of D.C.Code 1967, § 33–402. The trial court entered this order of dismissal at a hearing on appellee's motion to suppress (a) certain incriminatory statements he had allegedly made to the officers who arrested him and (b) all identification testimony by these officers.

The case jacket considered by the motions judge and the representations made at the hearing by each counsel, unchallenged by the other, established that:

Officers McGinnis and Ramirez in June 1971 allegedly had observed appellee throw away a bag which contained heroin and cocaine;

Appellee was arrested in July 1971 and thereafter filed a motion to suppress any identification testimony by the arresting officers, which the judge then hearing motions ruled must be deferred for determination until trial;

Appellee's trial in February 1972 could not be completed because Officer McGinnis, for unexplained reasons failed to appear and the trial judge dismissed the informations without prejudice;

New informations charging the same offenses were filed by the Government in March 1972 upon a written complaint by Officer McGinnis; and

Officer McGinnis was "unavailable" at the hearing of the suppression motion which resulted in the dismissal that the Government now is appealing.

■ The Government vigorously argues that a judge assigned to the Motions Section of the Criminal Division of the Superior Court lacks authority to dismiss, for want of prosecution, any case coming before him. We are unwilling to lay down such a hard and fast rule in the face of Super.Ct.Crim.R. 48(b) [1] which reflects the long-established precedent in this jurisdiction that a court has inherent authority to dismiss for want of prosecution. Mann v. United States, 113 U.S.App.D.C. 27, 304 F.2d 394 (1962); United States v. McWilliams 82 U.S.App.D.C. 259, 163 F.2d 695 (1947); District of Columbia v. Benefield, D.C.App., 248 A.2d 127 (1968). However,

there are limitations on this authority to dismiss for want of prosecution: Such authority may not be exercised in an "arbitrary, fanciful, or clearly unreasonable" manner, United States v. McWilliams, *supra*, 82 U.S.App.D.C., at 261, 163 F.2d 695, and the court may dismiss *with prejudice* for want of prosecution *only* when it concludes that the defendant's constitutional right to a speedy trial has been violated. United States v. Young, D.C.App., 237 A.2d 542, 543 (1968); United States v. Cephas, D.C.App., 204 A.2d 572, 573 (1964). *See* 8 J. Moore, Federal Practice ¶¶ 48.03 and .05 (2d ed. 1972). Accordingly, the court's dismissal with prejudice in the instant case may stand only if there was a finding, supported by evidence, that appellee was denied his sixth amendment rights to a speedy trial.

■ A review of the record reveals that appellee did not even assert a speedy trial claim. The court made no express finding that a speedy trial had been denied him, but rather stated:

No matter which way you slice it, whether under the Court rules or whether under the first 10 amendments, whether under the 6th Amendment or, wherever you want to put it, it is not only operating to the detriment of the defendant but it is operating to everybody's detriment. . . [Tr. 6.]

A dismissal with prejudice for violation of a constitutional right is an unusually serious action. The Supreme Court has recently reminded us in Barker v. Wingo, 407 U.S. 514, 522, 92 S.Ct. 2182, 2188, 33 L.Ed. 2d 101 (1972), that

dismissal of the indictment when the right has been deprived . . . is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free,

---

1. Super.Ct.Crim.R. 48(b) provides:
    If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.

without having been tried. Such a remedy is more serious than an exclusionary rule or a reversal for a new trial . .

In addition, the Court has mandated that a ruling on the question of a speedy trial can be made only after a "sensitive balancing process" has been completed, Barker v. Wingo, *supra* at 533, 92 S.Ct. 2182, and "will necessarily involve a delicate judgment based on the circumstances of each case." United States v. Marion, 404 U.S. 307, 325, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).[2]

■ With full recognition of the pressure of court business operating upon the motions judge at the time of the hearing in this case,[3] we do not find in this record an exercise by the court of that "delicate judgment" and that "sensitive balancing process" of relevant factors to justify a dismissal with prejudice upon constitutional grounds. The trial court did refer to the time lapse between the alleged offense and the anticipated second trial, but appellee made no proffer of prejudice and, as pointed out above, advanced no claim of constitutional violation. Even if such a claim had been made, it would have lacked "prima facie merit" since less than one year had elapsed. United States v. Holt, 145 U.S. App.D.C. 185, 448 F.2d 1108 (1971). The court referred to Officer McGinnis' absence for the second time[4] as a reason for dismissing with prejudice, but we note that when the prosecutor attempted to "be heard for the record," the court refused. (Tr. 7.) The court undertook no inquiry itself as to why the officer, who had filed an affidavit in March in support of the new informations, was not available at this hearing in April. Finally, the court commented, in ordering the dismissal with prejudice, that appellee was already detained on another unrelated criminal charge and therefore "the citizens of the District aren't losing much." (Tr. 8.) Whether or not a defendant should be prosecuted in one case when he is already facing a criminal charge in another is of course for the prosecutor to determine, not the court. Newman v. United States, 127 U.S.App.D.C. 263, 264, 382 F.2d 479, 480 (1967); Brandon v. United States, D.C.App., 239 A.2d 159 (1968).

Under these particular circumstances the dismissal with prejudice must be and is

Reversed.

2. In Barker v. Wingo, 407 U.S. 514, at 533 n. 36, 92 S.Ct. 2182, at 2193, 33 L.Ed.2d 101 (1972), the Court called attention to United States v. Mann, 291 F.Supp. 268 (S.D.N.Y.1968), as exemplifying "how the speedy trial issue should be approached."

3. The trial court was functioning as Criminal Calendar Control Judge in the morning and Motions Judge in the afternoon. At one point in the proceedings, the court commented:

> As you know there have been over a hundred matters come to this court this morning. I have gotten them in, gotten them out, took 15 minutes with lunch to read all these pleadings and this afternoon my motions calendar is so jammed up they can't even set cases any more prior to trial. . . . [Tr. 5.]

4. The disruption of the judicial process on three occasions by the officer constitutes in our view a serious matter which we trust will receive *prompt* and *careful* consideration by the proper offices. We can well understand the frustration of the motions judge, faced as he was with a typically heavy calendar and finding himself unable to proceed with a scheduled motions hearing. See note 3, *supra*. Both police and prosecutor obviously should strive to avoid in the future the kind of breakdown evidenced here.