UNITED STATES of America

v.

Robert STARR, Jr. and Elaine Ruffin.

Crim. No. 77–116.

United States District Court,
District of Columbia.

April 25, 1977.

Steven R. Schaars, Asst. U. S. Atty., Washington, D. C., for United States.

Kenneth M. Robinson, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

GESELL, District Judge.

Defendants stand indicted for drug and firearm offenses. They move to suppress evidence and to dismiss the indictment.

Police originally arrested defendants for the indicted offenses on February 2, 1976, in a room at the Whitelaw Hotel. The police entered the room, arrested the defendants, and seized evidence without the benefit of a warrant. Defendants raised at the time a probable cause issue. Following a preliminary hearing on March 1, 1976, where probable cause was found, the submission of a subsequent polygraph test taken by Starr, and consideration of other factors, serious doubts were raised about the credibility of the arresting officer. The Government then dismissed the complaint on March 9, 1976, no indictment or information having been filed. The U. S. Attorney referred the officer's conduct to the Police Department's Internal Affairs Division, and an investigation ensued. When the officer was cleared of any impropriety, about December 21, 1976, the police urged reinstitution of the case and eventually persuaded the U. S. Attorney to indict. The case was presented to the Grand Jury on February 24, 1977, and the indictment was returned March 1, 1977.[1] Thus, thirteen months passed between the original arrest and the indictment.

At the hearing on the motions presently before the Court, defendants again challenge the officer's credibility, suggesting a lack of exigent circumstances justifying the entry, seizure, and arrests without a war-

---

1. Starr had been arrested on another narcotics charge on November 30, 1976, and was on surety bond. He was indicted in Criminal No. 77–0008 charged with possession with intent to distribute 20,810 milligrams of heroin and is awaiting sentence.

rant. In addition, they contend that the long passage of time between arrest and indictment has deprived them of witnesses and blurred recollections of crucial events.

## I. *The Motion to Suppress*

■ The arresting officer, an experienced undercover policeman, testified that he had the second floor of the Whitelaw Hotel under surveillance having been reliably informed that a room on that floor was being used to dispense narcotics. He observed a line of people with money in their hands approaching a door and handing the money to someone through a transom in return for packets. Having shied away for fear of detection, the officer consulted at the precinct and returned intending to make a purchase and enter without a warrant. Upon returning he purchased heroin through the transom and identified Starr as the seller. Although he had obtained implements to break down the door, it was fortuitously opened by one of two men occupying another room in the suite and he entered along with two other officers. The officer claims that after passing through a small foyer he entered a bedroom where Starr and the female defendant were present with a gun on the floor, and almost $5,000 in cash being counted on the bed. Later a small amount of narcotics was found on Starr when he was searched at the precinct following arrest.

Starr's defense to the charges is that he only went to the hotel room with the defendant for the purpose of sex. He says the suite was regularly used by another girl and the two men in the adjoining bedroom. He asserts that the money, drugs, and gun found were not his. While admitting to being a narcotics dealer, he claims it was the other two men, and not he, who were dealing through the transom. Starr denies much of the police testimony and gives an entirely different story about the events following the entry. At the same time, while testifying, he repeatedly claimed that his memory was confused.

If the testimony of the police officer is accepted there was clear probable cause, and a warrant was not required under the exigent circumstances existing given the recent holding in *United States v. Johnson*, 561 F.2d 832 (D.C.Cir. 1977). Difficulty with the motion is created, however, by the manner in which the officer testified and the improbability of certain important details in his testimony. Moreover, while his basic account has remained the same, there are many inconsistencies between his present testimony and previous recountings. The officer was accompanied during the arrest by two other policemen, but they were not called by the Government to corroborate his testimony. In addition, Starr, while telling an entirely different story about the events after entry, was an equally credible witness. The other witnesses to the events, the two other inhabitants of the suite, are not available.

On the evidence presented to the Court the Government has not met its burden in establishing that the entry into the apartment did not violate the Fourth Amendment. The motion to suppress is granted.

## II. *The Motion to Dismiss*

■ The motion to dismiss the indictment, insofar as it is based on general rule of this Court requiring indictment within 45 days of arrest, must be denied under the exception in Local Criminal Rule 2–7, 4(b)(3). However, under F.R.Crim.P. 48(b) it is within the discretion of the Court to dismiss an indictment if there has been "unnecessary delay" between arrest and indictment. If appropriate, this dismissal can be "with prejudice." *See, e. g., United States v. Simmons*, 536 F.2d 827 (9th Cir. 1976); *United States v. Crow Dog*, 532 F.2d 1182 (8th Cir. 1976); *United States v. Stoker*, 522 F.2d 576 (10th Cir. 1975); *Hilbert v. Dooling*, 476 F.2d 355 (2nd Cir. 1973). The rule has been used both to avoid unfairness to the defendant caused by delay, and to further the public interest in the efficient administration of justice. *United States v. Furey*, 514 F.2d 1098 (2nd Cir. 1975). It may be invoked to protect the defendant's interest in a speedy trial even though there has not been a violation of the Sixth

 

Amendment or the Speedy Trial Act. The Court may impose a more stringent standard than the Sixth Amendment, *United States v. DeLeo*, 422 F.2d 487 (1st Cir. 1970), and undertake a more particularized analysis than the Act. But it must consider "most of the same factors which are relevant for Sixth Amendment purposes." *United States v. Crow Dog, supra*, at 1194. Thus key factors are the length of the delay, the reason therefor, diligence of the defendant, and the possibility of prejudice to him. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

The delay of thirteen months between the original arrest and the eventual indictment was a substantial one, and the defendants objected at the earliest possible moment. *See United States v. Bishton*, 150 U.S.App.D.C. 51, 463 F.2d 887, 891 (1972); and *United States v. Holt*, 145 U.S.App.D.C. 185, 448 F.2d 1108 (1971). *See also Branch v. United States*, 372 A.2d 998 (D.C.App. 1977). The dismissal of the original complaint was not, contrary to the Government's contention, at the urging of the defendant. The complaint was dismissed on a motion by the Government, which felt at the time that the case had too many infirmities to be prosecuted. The delay was attributable to a Government decision, and the Government must bear the burden of any prejudice this decision has caused the defendants. It is also noted that the new indictment does not arise out of any recently discovered facts.

The record failed to show that Starr's memory had been impaired by the passage of time, and he has the aid of the polygraph examination taken shortly after the arrest in refreshing his memory. But disadvantages from the passage of time exist because the two men who occupied the suite with the defendants can no longer be located. The police had their names, and one of them was available at the earlier preliminary hearing. Neither the police, nor the defendant aided by an investigator, can find them now. Thus two important witnesses are missing. Whether these individuals would testify were they available can

not be ascertained. But the case might well have been one where immunity would have been granted in return for their testimony. It is clear, however, that the sharp dispute between Starr and the police officer would make their testimony vital, both as to the motion to dismiss and as to the underlying charges. Thus serious prejudice to the defendants' ability to defend themselves has been caused by the thirteen month delay between the original arrest and indictment.

The motion to dismiss the indictment under F.R.Crim.P. 48(b) is granted.

SO ORDERED.