**Wilton W. CHATMAN, Appellant,**

v.

**UNITED STATES, Appellee.**

**James E. LEWIS, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 9714, 9739.**

District of Columbia Court of Appeals.

Argued Nov. 18, 1976.
Decided Sept. 28, 1977.

Noel H. Thompson, Arlington, Va., appointed by the court, for appellant Lewis.

Michael L. Rankin, Public Defender Service, Washington, D. C., was on the brief, for appellant Chatman.

Frederick H. Weisberg, Public Defender Service, Washington, D. C., also entered an appearance on behalf of appellant Chatman.

Douglas J. Behr, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease and John T. Kotelly, Asst. U. S. Attys., were on the brief for appellee.

Before KELLY, YEAGLEY and HARRIS, Associate Judges.

KELLY, Associate Judge:

On November 24, 1973, Letcher (a/k/a Jesse) Long, his wife, and his ten-year-old daughter were accosted by two men, at least one of whom was armed, while their car was stopped at a traffic light around Sixth Street and Constitution Avenue, N.W. The assailants said they had been after Long for three days and ordered him to drive to his apartment on Brothers Place, S.E. Once there, appellant Chatman, who had been following the car in appellant Lewis' black Pontiac, pulled up, got out, and climbed into Long's car. Lewis got out of the Long car and walked Mrs. Long and her daughter into their apartment at gunpoint. The remaining assailant and Chatman ordered Long to drive to Blair House Furniture Store where Long was to ask his employer for some cash. During the course of the ride Long was struck twice in the head, once when he resisted his assailants, and once when they had tried to elicit his home phone number. At the furniture store Long, who was crying, bleeding, and angry, told his employer the story in rough form and the employer called the police. Appellant Chatman was captured near the scene and identified in an immediate show-up. The other assailant escaped. Appellant Lewis was apprehended as he was walking from the apartment building where he had been holding Mrs. Long and her daughter. Jewelry, cash, and Mrs. Long's coin purse were recovered from Lewis.

At trial Chatman's defense was a general denial and he put on no witnesses. Lewis, however, attempted to show that he and Long had had gambling dealings and that Long was a willing participant in a scheme to extort funds from Long's employer. Also, about the time of this incident, Long allegedly had refused to pay Lewis' mother her winnings from a numbers bet.

A jury convicted Lewis and Chatman of kidnapping while armed and armed robbery. Lewis was also convicted of first-degree burglary and carrying a pistol without a license, Chatman of assault with a dangerous weapon.

The sole issue on appeal which merits discussion is whether Chatman and Lewis were denied their constitutional right to speedy trial by reason of a sixteen-month delay between arrest and trial. Once again we apply the balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); namely, the length of delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant, in determining whether an accused's Sixth Amendment right has been abridged. *See also United States v. Mack*, D.C.App., 298 A.2d 509 (1972). Despite the sixteen-month interim from arrest to trial in this case,[1] it is clear

[1] A delay of one year or more gives prima facie merit to a claim of denial of a speedy trial. *Branch v. United States*, D.C.App., 372 A.2d 998 (1977). It then becomes the government's burden to justify the delay. *Id.*

from the record[2] that all delays after December 1974, twelve months after arrest, were attributable to requests of Chatman with the unequivocal and informed consent of Lewis and their respective counsel.[3] The first, on December 5, 1974, was the result of Chatman's motion for new counsel. The second was granted with some reluctance on February 4, 1975, when Chatman's counsel, joined by counsel for Lewis, asked for time to investigate a new defense theory and new leads supplied that day by Lewis. This continuance put the trial beyond a sixteen-month period after arrest.

The Court stated in *Barker v. Wingo, supra* at 529, 92 S.Ct. 2182, that the right to speedy trial may be waived. Because the appellants joined in explicit and intelligent waiver of trial in open court in the presence of counsel and after discussion with the trial judge in every instance of delay beyond one year, and because there is no evidence of legal detriment or prejudice attributable to the delay,[4] we find their claim of denial of a speedy trial to be without merit.

Appellant Lewis has raised a number of other issues[5] which we also find after careful review of the record to be without merit. Accordingly, the judgments of conviction on appeal are

*Affirmed.*

2. The chronology of the case was as follows:

| | |
|---|---|
| 11/24/73 | Arrest of Chatman and Lewis. |
| 11/26/73 | Presentment. |
| 1/24/74 | Indictments Filed. |
| 2/05/74 | Arraignment. |
| 3/08/74 | Status Hearing. |
| 4/19/74 | Chatman arrested in Maryland on other charges. Bench warrant issued. $10,000 bond set. |
| 4/19/74 | Status hearing. Lewis reportedly in jail in Virginia on other charges. |
| 5/08/74 | Original trial date. Continuance by court calendar control to July 1, 1974 (4/29/74). |
| 7/01/74 | Second trial date. Continuance at Lewis' request for status hearing and/or hearing on motion. Bench warrant quashed. |
| 8/12/74 | Status hearing. Continuance to 12/2/74 for trial. Specific waiver by appellants. |
| 12/02/74 | Held over to 12/5/74 for trial. |
| 12/05/74 | Third trial date. Continuance at Chatman's request for new counsel. Lewis waives speedy trial. |
| 1/05/75 | Lewis files pro se motion for speedy trial. |
| 1/08/75 | Motion denied. |
| 1/16/75 | Lewis asks to revoke waiver of 12/5/74 claiming mistake and coercion. |
| 1/30/75 | Request denied. |
| 2/04/75 | Fourth trial date. Continuance at request of both defendants to investigate new lead. No further continuances. |
| 4/11/75 | Trial. |

3. Indeed, several continuances had been sought before December 5, 1974, and in each instance appellants had waived any possible speedy trial claim. The government never requested a continuance.

4. The briefs and record are muddy with regard to the significance of the death in May 1974, of Eldridge Logan, a potential defense witness for Mr. Lewis. His connection to the case and the nature of his testimony are never stated with particularity.

5. Included in Lewis' arguments are: (1) his claim that he was denied his right to independently participate in the litigation apart from his appointed counsel and to have pro se motions not adopted by his counsel ruled upon by the court; (2) his challenge of the jury selection process which he avers distorts the religious, age, and racial composition of the pool of veniremen; (3) his challenge to the denial of his motion to suppress evidence taken when he was stopped, frisked and subsequently arrested during his attempt to flee the building where he was holding complainants hostage; (4) his complaint of insufficiency of the evidence of a first-degree burglary; and (5) his contest of the propriety of his sentence and request for a full pardon from the court.