**Lawrence E. GIVENS, Appellant,**

v.

**UNITED STATES, Appellee.**

**Larry BRYANT, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 92–CF–777.

District of Columbia Court of Appeals.

Argued Feb. 16, 1994.

Decided July 28, 1994.

J. Bradley Ortins, Washington, DC, appointed by this court, for appellant Givens.

Ian A. Williams, Washington, DC, appointed by this court, for appellant Bryant.

Cynthia D. Walicki–Chan, Asst. U.S. Atty., with whom Eric H. Holder, Jr., U.S. Atty., and John R. Fisher, Thomas C. Black, and Shanlon Wu, Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

Before TERRY and FARRELL, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

■ In this appeal from their convictions for distribution of heroin (D.C.Code § 33–541(a)(1) (1993)), appellants' primary contention is that a delay which they calculate at twenty-four months between their indictment and trial, but which the trial court deter-

mined to be fifteen months, violated their Sixth Amendment right to a speedy trial. We publish this opinion only to remove a lingering uncertainty in our decisions, despite plain Supreme Court teaching, as to whether time between the dismissal of prior charges and indictment (or restraint on liberty) counts for purposes of Sixth Amendment speedy trial analysis. We affirm.

In *Branch v. United States*, 372 A.2d 998 (D.C.1977), we rejected as "baseless" the government's contention that the four and one-half months between dismissal of the first indictment and the filing of the second should be disregarded in computing the length of delay at issue. *Id.* at 1000. *Branch*, however, was effectively overruled on this point by *United States v. MacDonald*, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982), in which the Supreme Court held that "[o]nce charges are dismissed, the speedy trial guarantee is no longer applicable." *Id.* at 8, 102 S.Ct. at 1502 (footnote omitted).[1] The reason is that

> [t]he speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.

*Id.* Because these concerns are not engaged when charges have been dismissed, any delay after that time, "like any delay before charges are filed, must be scrutinized under the Due Process Clause, not the Speedy Trial Clause." *Id.* at 7 (footnote omitted). *See also United States v. Lovasco*, 431 U.S. 783, 788–89, 97 S.Ct. 2044, 2047–48, 52 L.Ed.2d 752 (1977) (holding that Due Process Clause, not Speedy Trial Clause, governs analysis of pre-indictment delay).

In *United States v. Loud Hawk*, 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986), the

Court reaffirmed *MacDonald*, holding that "under the rule of [that decision]," when no indictment is outstanding and "defendants are not incarcerated or subjected to other substantial restrictions on their liberty, a court should not weigh that time towards a claim under the Speedy Trial Clause." *Id.* at 312, 106 S.Ct. at 654.[2]

In *Robinson v. United States*, 452 A.2d 354 (D.C.1982), this court acknowledged *MacDonald's* holding that "the period between dismissal of the first charge against a defendant and indictment falls outside the speedy trial clause," and on that basis rejected the defendant's claim that Sixth Amendment analysis applied to delay between the government's voluntary dismissal of charges against him and his indictment more than four years later. *Id.* at 357.[3] Appellants try to distinguish each of the above-cited cases—*Robinson, Loud Hawk*, and *MacDonald*—factually, but the effort is fruitless. Somewhat more troubling is the fact that in *Wynn v. United States*, 538 A.2d 1139 (D.C.1988), this court did not embrace directly the government's argument that it not count a short post-dismissal period during which the defendant was not charged or "subject to the restraints on liberty that are the object of the right to a speedy trial"; instead the court stated that it would consider that hiatus as "a circumstance which will be balanced in the context of all the circumstances." *Id.* at 1142 n. 7. Appellants suggest that this breathed new life into consideration of post-dismissal delay as part of the total "circumstances" affecting Sixth Amendment analysis. But, of course, *Wynn* could not alter our previous holding in *Robinson, see M.A.P. v. Ryan*, 285 A.2d 310 (D.C.1971), nor could it revitalize a period of delay which the Supreme Court has made clear does not implicate Speedy Trial Clause concerns. Appellants read far too much into

---

1. To the extent that *MacDonald* did not supersede it, *Branch*, of course, remains good law insofar as it represents one of this court's early explications of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and the multifactored test for assessing Sixth Amendment delay.

2. Appellants do not contend they were ever under arrest or on conditional release during periods when no indictment was in effect.

3. *Robinson* cited *Branch* with a *"but cf.,"* but did not suggest any distinction that would allow the earlier decision to survive the holding of *MacDonald*.

an ambiguous footnote in *Wynn* not integral to the court's holding.[4]

Finally, appellant Bryant argues that the Supreme Court's most recent speedy trial decision, *Doggett v. United States*, —— U.S. ——, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), calls into question the teaching of *MacDonald* and *Loud Hawk*. As the Court in *Doggett* repeatedly cited both cases without hinting at disapproval, however, this argument is implausible at the outset. *Doggett* involved a situation where an indictment had been returned against the defendant and left outstanding for eight and a half years before he was arrested and brought to trial. *Id.*, —— U.S. at ——, 112 S.Ct. at 2690. The primary issue before the Court was whether, in view of this extraordinary delay, the defendant had to show "precisely how he was prejudiced by the delay between his indictment and trial." *Id.*, —— U.S. at ——, 112 S.Ct. at 2692. Thus, the Court had no occasion to revisit *MacDonald's* holding as to the significance *vel non* of delay during a time when no indictment or charges are pending and no restrictions have been imposed on the person's liberty. Nevertheless, the Court reaffirmed the teaching of *MacDonald* and *Loud Hawk* "that the Sixth Amendment right of the accused to a speedy trial has no application beyond the confines of a formal criminal prosecution ... triggered by arrest, indictment, or other official accusation. . . ." *Id.*

 It remains for us to consider whether, under the multi-factored analysis of *Barker v. Wingo, supra* note 1, the trial

judge correctly concluded that the fifteen-month delay at issue here did not violate appellants' Sixth Amendment right. We hold that she did. Moreover, addressing an argument appellants did not raise in the trial court, we reject the claim that the full twenty-four months between the original indictment and trial violated their Due Process right under the Fifth Amendment. *United States v. Lovasco, supra; Robinson v. United States*, 478 A.2d 1065, 1066 (D.C.1984).[5]

*Affirmed.*

MACK, Senior Judge, dissenting:

Putting aside (or rather rejecting) appellants' argument that successive reindictments have raised an issue of due process, my colleagues today broadly announce a "bright line" rule that the guarantee of a Sixth Amendment right to a speedy trial does not encompass periods of time between the dismissal of an indictment and a subsequent indictment on the same charge. In holding that a prior decision of our court in *Branch v. United States*, 372 A.2d 998 (D.C.1977), has been effectively overruled by the rationale of the United States Supreme Court in *United States v. MacDonald*, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982), my colleagues do not find it necessary to recite facts.

I understand the allure of the majority's no-nonsense analysis in this case, but to state the obvious, the longevity and/or application of any legal principle cannot be divorced entirely from facts.[1] At some point, succes-

---

4. The court noted that whether or not the two-month period at issue were counted, "the speedy trial claim [here] has prima facie merit." *Wynn*, 538 A.2d at 1142 n. 7.

5. Finally, we reject appellant Givens' claim on "adulteration" grounds that the trial court abused its discretion in admitting into evidence a police videotape depicting Givens' actions outside the building in which the heroin sale took place. *See, e.g., German v. United States*, 525 A.2d 596 (D.C.), *cert. denied*, 484 U.S. 944, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987); *Ford v. United States*, 396 A.2d 191 (D.C.1978).

1. The facts of the case may not be pertinent to the majority's analysis, but I review them briefly to illustrate the distinction between this case and the Supreme Court cases relied upon by the majority. Appellants' first indictment on these charges was dismissed without prejudice due to

the unavailability of a police officer witness who was away on a scheduled vacation at the time of trial. The second indictment on the same charges, which was brought about three months after dismissal of the first indictment, was also dismissed without prejudice due to the government's unwillingness to bring an undercover officer to the surface to testify at trial. Nearly eight months later, appellants were indicted for a third time on these charges and were tried and convicted.

In my view, neither the Supreme Court nor this court has been presented with a factual situation that is on all fours with this case. Admittedly, appellants do not claim that they were incarcerated during the months between dismissal and reindictment. Rather, in this case the government has initiated criminal prosecution and then twice dismissed the indictment *without prejudice* only to reindict on the same charges

sive reindictments solely for the convenience of the prosecution must be found to offend due process[2] or speedy trial protections.[3] Therefore, I want to go on record as saying that I can easily identify and describe what I believe to be significant distinctions between the facts presented in the consolidated case before us (see note 1, *supra*) and those facing the Supreme Court in the speedy trial cases cited by the majority, *Doggett, supra* note 1 (eight-year delay between indictment and prosecution); *United States v. Loud Hawk*, 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986) (bulk of delay due to slow movement through the courts of government's good faith interlocutory appeal); and *MacDonald, supra* (initial military charges dismissed when prosecutor concluded that allegations were untrue; indictment on civilian charges brought after further investigation). However, my intent in writing separately is not so much to voice a dissent as to raise questions of notice and orderly process which impact upon the practice of law in this unique jurisdiction.

My brethren who join in the majority conclude that the Supreme Court's decision in *MacDonald* overruled that portion of this court's holding in *Branch, supra*, in which we emphatically stated that periods between dismissal and reindictment on the same charges are counted for speedy trial purposes. In reaching this conclusion, today's majority references our decision in *Robinson, supra* note 2, a case involving *pre-indictment* delay, which cited *MacDonald* to support the conclusion that the delay between dismissal of initial charges and actual indictment on those same charges was not pertinent to analysis of a speedy trial claim. *Robinson* is easily distinguished from the instant case.[4]

Today two members of our court conclude that the Supreme Court's holding in *MacDonald* (1982) effectively overruled our decision in *Branch* (1977). In *Robinson* (1982), three members of our court cited to *Branch* using the introductory signal "*but cf.*"[5] In the parenthetical description following the citation to *Branch* the *Robinson* court stated that a "four and one-half month delay between dismissal of [a] charge and reindictment on [that] same charge counted for speedy trial clause purposes where dismissal [was] unrelated to investigative need on the original charge." *Robinson, supra*, 452 A.2d at 357. Contrary to the majority's assertion at footnote 2, this description of *Branch* distinguishes it from the facts of *MacDonald* (initial charges dismissed when prosecutor concluded that allegations were untrue, indictment on same charges brought after further investigation), and could be read to indicate that the court would not apply *MacDonald* to a case like *Branch* or the instant

---

several months later. To my mind, a defendant in this situation might be considered to be within the "confines of a formal criminal prosecution." *See Doggett v. United States*, — U.S. —, —, 112 S.Ct. 2686, 2692, 120 L.Ed.2d 520 (1992); *see also MacDonald, supra*, 456 U.S. at 16–17, 102 S.Ct. at 1506–1507 (Marshall, J., dissenting).

**2.** I note that the Due Process Clause does not provide a defendant the same protection from delay prior to, or between, indictment, that the Speedy Trial Clause provides once formal charges have been lodged. In order to prevail on a claim alleging unconstitutional delay under the Due Process Clause, the defendant must be able to show actual prejudice at trial. "The due process constraint is limited, and does not protect against delay which is not for a tactical reason but which serves no legitimate prosecutorial purpose." *MacDonald, supra*, 456 U.S. at 20, 102 S.Ct. at 1508 (Marshall, J. dissenting); *see Robinson v. United States*, 452 A.2d 354, 357 (D.C.1982).

**3.** I agree with the late Justice Marshall that a "natural reading" of the Speedy Trial Clause indicates that it "continues to protect one who has been accused of a crime until the government has *completed* its attempts to try him for that crime." *MacDonald, supra*, 456 U.S. at 15, 102 S.Ct. at 1505 (Marshall, J., dissenting) (emphasis added). Justice Marshall could not find, in the text of the clause itself or the Supreme Court's previous cases, support for the *MacDonald* majority's holding that "after the first official accusation has been made, the dropping of charges prior to a *second* official accusation wipes the slate clean." *Id.* at 16, 102 S.Ct. at 1506 (citing *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)).

**4.** In *Robinson*, we held that a 54–month delay between dismissal of initial charges, due to the government's lack of sufficient evidence to indict, and indictment on those charges was not relevant to analysis of a speedy trial claim.

**5.** According to the "bluebook," A UNIFORM SYSTEM OF CITATION 23 (15th ed.1991), this signal means that "[c]ited authority supports a proposition analogous to the contrary of the main proposition."

case, where the delays complained of are due to dismissal of indictments without prejudice for the convenience of the government. *See Branch, supra,* 372 A.2d at 1001. Moreover, in none of our cases decided since *Robinson,* and citing *Branch,* has there been any indication that *Branch* has been overruled. Indeed, it could be argued that *Branch* was expressly followed in *Wynn v. United States,* 538 A.2d 1139 (D.C.1988) (a case decided six years after *Robinson*), indicating that the time that passed between the dismissal of an indictment and reindictment on the same charges is a factor to "be balanced in the context of all the circumstances." 538 A.2d at 1142 n. 7.

My colleagues citing the time-honored stricture of *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971) (footnote omitted),[6] tell us that *Wynn* could not revive *Branch* after the holding in *Robinson.* Ironically, it is my colleagues who are faced with the same *M.A.P.* stricture. The truth of the matter is that this court has not clearly articulated its policy regarding the inclusion for Speedy Trial Clause purposes of time which passes between dismissal of an indictment without prejudice for the convenience of the government and a subsequent indictment on the same charges. Attorneys practicing in this jurisdiction cannot determine with assurance whether *Branch* has or has not been overruled in part.[7] While the majority in the instant case may be right in its belated attempt to articulate the state of the law in this area, it is questionable whether two judges or three judges can speak with authority to contradict this court's past precedent. *See M.A.P. v. Ryan, supra; Minick v. United States,* 506 A.2d 1115, 1116–17 (D.C.1986). I respectfully suggest that it would be appropriate for this court to convene *en banc* to consider the viability of our own cases in light of the pronouncements of the Supreme Court.

---

6. "[N]o division of this court will overrule a prior decision of this court ... and ... such result can only be accomplished by this court en banc."

7. I note that an attorney referring to Shepherd's in order to confirm the status of *Branch* would see no indication that the holding was limited or changed by *Robinson.*