**Dahl ROBINSON, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 82–793.

District of Columbia Court of Appeals.

Argued April 4, 1984.

Decided July 6, 1984.

M. Elizabeth Kent, Washington, D.C., appointed by this court, for appellant.

Colleen M. Kennedy, Asst. U.S. Atty., Washington, D.C., with whom Joseph diGenova, U.S. Atty., Michael W. Farrell, Judith Hetherton and Mark H. Dubester, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, NEBEKER, Associate Judge, and GALLAGHER, Associate Judge, Retired.

GALLAGHER, Associate Judge, Retired:

Appellant was charged in an information filed on September 16, 1981, with selling heroin to an undercover police officer on April 7, 1981, in violation of D.C.Code § 33–402 (1973). On May 11, 1982, the trial court denied appellant's motions to dismiss the information on the ground of prearrest delay and to suppress identification testimony. A jury found appellant guilty of the charge on May 13, 1982. He now contends that the trial court erred in denying his pretrial motion to dismiss the indictment for pre-arrest delay and that the delay abridged his right to a fair trial. We affirm.

The evidence established that in the early afternoon of April 7, 1981, Officer Victor Epps was posing as a drug purchaser in the area of 15th Street and Independence Avenue, S.E. He approached appellant, known to him as "Book," and asked how much an ounce of heroin would cost. Appellant informed Epps that it would cost $400, and with Epps standing nearby, he placed a telephone call to inquire about the availability of an ounce of heroin. Appellant handed Epps the telephone, and the person on the other end informed Epps that he would get him an ounce of heroin and that he would "let Book know when he could get it." After the telephone conversation, Epps purchased a "quarter" of heroin from appellant in exchange for $40. Epps told appellant that he would talk to him at a later time about purchasing the ounce of heroin, and he then left the area.

Epps testified that he refrained from arresting appellant on April 7 because he planned to eventually make a larger purchase of narcotics from him. This purchase was never made, however, because appellant apparently became aware of Epps' undercover role three or four days after April 7 when he viewed Epps arresting another individual on a drug related charge near 15th Street and Independence Avenue. Epps testified that after making that arrest, he pursued appellant but was unable to apprehend him.

In the months following that incident, according to the testimony of Epps' partner, Detective Michael Dixon, he and Epps frequently drove through the area of 15th Street and Independence Avenue in search of appellant. Shortly after Epps' undercover role was revealed, he attempted unsuccessfully to identify appellant by looking through several photograph books. A warrant for appellant's arrest was then issued in the name of "John Doe."

In August 1981, after viewing two additional photograph books and numerous arrays of individual photos, Epps identified appellant's picture from one of the arrays. Detective Dixon then attempted unsuccessfully to locate appellant through his probation officer. On September 15, 1981, appellant was brought into Dixon's precinct by another officer on an unrelated charge. Dixon recognized him from the photograph that Epps had selected, and he arrested appellant.

In contending that the pre-arrest delay violated his right to a fair trial, appellant alleges that the interval of five months and nine days between the heroin purchase and his arrest increased the danger that Epps' identification of appellant as the person from whom he purchased heroin was erroneous. He also asserts that the delay prejudiced his ability to present a defense because he was unable to remember where he had been on April 7, 1981, and therefore, could not present an alibi.

■ To prevail on his claim that he was denied a fair trial, appellant must show at a minimum that he was actually prejudiced and that the government's reasons for the delay were unjustified. *United States v. Lovasco*, 431 U.S. 783, 789–90, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977); *Asbell v. United States*, 436 A.2d 804, 812 (D.C.1981) (citations omitted). Turning first to the reasons for the delay, we note that in the absence of severe prejudice, pre-arrest delay "will not support a due process claim when the government's actions have been negligent, but not reckless or intentional." *Smith v. United States*, 414 A.2d 1189, 1195 (D.C.1980). Here, Officer Epps testified that he did not arrest appellant on April 7 when he purchased a "quarter" of heroin because he hoped to make additional, larger purchases from him at a later time. An obvious reason for wanting to make larger purchases was the possibility that suppliers in the distributive chain could have been implicated. After Epps' identity as a police officer was revealed and he could no longer function in an undercover capacity, it is apparent that the failure to arrest was caused by Epps' and Dixon's inability to identify and locate appellant despite their continuing efforts to do so. When appellant was identified,

measures were taken to locate him. In short, there is no evidence indicating that the pre-arrest delay was the result of reckless or intentional or even negligent governmental action.[1]

There has also been no showing that appellant was substantially prejudiced by the pre-arrest delay. Appellant's general assertion that he cannot remember where he was on the day of the heroin transaction is not a definite enough showing of prejudice to warrant reversal of his conviction. *See United States v. Jones*, 173 U.S.App. D.C. 280, 289, 524 F.2d 834, 843 (1975); *Robinson v. United States*, 148 U.S.App. D.C. 58, 65, 459 F.2d 847, 854 (1972). Appellant remained free to take the stand and deny that he engaged in the sale. Nor has there been a showing that the delay posed a significant danger of misidentification. Epps' identification was based upon three daylight encounters with appellant, and there is no indication that the identification procedure itself was in any way suggestive.

There being no showing of substantial prejudice and no reason to conclude that the pre-arrest delay was motivated by a desire to impede presentation of a defense,

we hold that appellant's right to a fair trial was not abridged. The trial court did not err in denying appellant's motion to dismiss the indictment.

*Affirmed.*

---

1. Appellant's reliance on *Ross v. United States*, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965) is misplaced. In *Ross*, the United States Court of Appeals for the District of Columbia Circuit reversed a narcotics conviction due to a seven month interval between the date of the offense and the swearing out of the complaint. The delay was found to have been "purposeful," and the court placed particular emphasis on that fact in reaching its holding. *Id.* at 238, 349 F.2d at 215. It noted that the appellant "was continuously available for arrest" during the seven month period, but he was not arrested during that time so that a police officer could continue to function in an undercover capacity. *Id.* at 234–35, 349 F.2d at 212. While recognizing the legitimacy of the government's interest in delaying arrest, the court nevertheless concluded that a purposeful delay of seven months is impermissible when the conviction was "based solely upon the testimony of a police witness who, by reason of lapse of time, could not testify on the basis of unaided personal recollection." *Id.* at 238, 349 F.2d at 215. Thus, based upon its "supervisory responsibility for criminal proceedings," the court reversed Ross' conviction. *Id.* at 239, 349 F.2d at 216.

In this case, in contrast to *Ross*, five months elapsed between the time of the offense and appellant's arrest, and there is nothing to indicate that the delay was purposeful. To the contrary, most of the delay in arresting appellant was attributable to Epps' and Dixon's inability to identify and locate appellant. In addition, in *Ross*, the defendant actually testified that he was unable to remember where he was on the day of the charged offense. Here, appellant elected not to testify, and there is therefore no evidence from the trial indicating that he was unable to recall his whereabouts on April 7, 1981.

While factual differences clearly distinguish *Ross* from the present case, the precedential value of that decision is questionable in view of the Supreme Court's pronouncement in *United States v. Lovasco, supra*, 431 U.S. at 796, 97 S.Ct. at 2052, that prosecution following investigative delay is not a denial of due process even if the defense has been "somewhat prejudiced by the lapse of time." Despite appellant's urging, we see no reason why *Lovasco* should not apply in assessing pre-arrest delay in narcotics cases.