William HARRISON, Appellant,

v.

UNITED STATES, Appellee.

No. 86–637.

District of Columbia Court of Appeals.

Submitted June 10, 1987.
Decided July 30, 1987.

Thomas K. Clancy, Washington, D.C., was on the brief for appellant.

Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Helen M. Bollwerk, Mark H. Dubester, and Joan C. Barton, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before NEWMAN, BELSON and TERRY, Associate Judges.

TERRY, Associate Judge:

Appellant was convicted on three counts of distributing heroin, in violation of D.C. Code § 33–541(a)(1) (1986 Supp.). His only contention on appeal is that the delay of more than ten months from the dates of his alleged offenses until the date of his arrest resulted in a denial of his right to due process of law. We hold that the delay was justified by the government's need to continue an undercover investigation, and that appellant did not suffer any prejudice as a result of the delay. Accordingly, we affirm appellant's convictions.

I

In September 1983 Metropolitan Police Officer Raymond Crawford was working under cover in an area of Southeast Washington known to the police for its high incidence of drug trafficking. Crawford, posing as a narcotics user, purchased heroin from appellant on three different occasions, on September 24, 26, and 30. Each of the first two transactions lasted about three to five minutes; the third may have been a bit longer. Officer Crawford, knowing that he would later have to make an identification, paid close attention to appellant's facial features and clothing; in particular, he noticed a distinctive scar in the

center of appellant's chest. Crawford testified at trial that he was absolutely certain that appellant, whom he knew by the nickname "Buddy," was the one who had sold him the heroin on each of the three dates in September.

At their next encounter, Crawford asked appellant for a large amount of heroin—large enough so that Crawford could use it to make future sales to others. Appellant, however, ignored this request, claiming that he "didn't want to talk about it." At this point Crawford felt that appellant would no longer be of any use to his investigation, so he made no more purchases from him. Nevertheless, while Crawford continued to work under cover, he saw appellant nearly every day, and they exchanged greetings at least twenty times.

Because Crawford's dealings with appellant constituted only a part of a larger investigation, appellant was not immediately arrested after the September drug sales. Both Crawford and his supervising officer, Henry Lancaster, feared that Crawford's cover would be blown if he had to appear in court to identify appellant. Officer Crawford remained under cover until the investigation ended in July 1984, at which time Crawford swore out approximately twenty-five arrest warrants. One of those warrants, issued on July 19, 1984, was for appellant. He was arrested on August 8, and about two weeks later Crawford identified him in a lineup.

Appellant moved to dismiss the indictment because of the delay between the alleged drug sales in September 1983 and his arrest in August 1984. The court denied the motion, and appellant's case proceeded to trial. Officer Crawford testified about his three purchases of heroin and identified appellant as the seller. Appellant, testifying on his own behalf, admitted that he had a scar on his chest (which he displayed to the jury) and that he went by the nickname of "Buddy." However, he denied selling heroin to Crawford on September 24, 26, and 30. Aside from that

denial, he said he could not remember what he did on those dates. He did recall that he was then suffering from cellulitis, a circulatory ailment affecting his legs which confined him to bed, but he admitted that he sometimes went out despite his affliction. The jury found appellant guilty as charged.

## II

■ To prevail on his claim that the pre-arrest delay in this case violated his Fifth Amendment right to due process of law,[1] appellant must show that he suffered actual prejudice as a result of the delay, and that the government had no justifiable reason for the delay. *United States v. Lovasco,* 431 U.S. 783, 789–790, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977); *(Dahl) Robinson v. United States,* 478 A.2d 1065, 1066 (D.C.1984); *United States v. Donaldson,* 451 A.2d 51, 56 (D.C.1982), *cert. denied,* 464 U.S. 838, 104 S.Ct. 128, 78 L.Ed.2d 124 (1983); *Asbell v. United States,* 436 A.2d 804, 812 (D.C.1981). Appellant has not made either showing.

■ Appellant contends that he was prejudiced by the delay because he was unable to remember what he was doing on the dates of the alleged drug sales. His asserted lack of memory, however, is insufficient to establish prejudice. The requirement of "a 'plausible claim' of prejudice is not satisfied by the mere assertion that the accused cannot remember his whereabouts on the day of the offense...." *United States v. Jones,* 173 U.S.App.D.C. 280, 290, 524 F.2d 834, 844 (1975); *accord, United States v. Rippy,* 196 U.S.App.D.C. 243, 246, 606 F.2d 1150, 1153 (1979); *see (Dahl) Robinson, supra,* 478 A.2d at 1067 & n. 1 (stating that a "general assertion" by the defendant that he could not recall where he was on the day of the offense was insufficient to show prejudice, but noting that the defendant in that case had not testified).

■ Concerning the reasons for the delay, the evidence shows that the police waited to arrest appellant in order to complete an investigation of drug trafficking in

---

1. Since the delay of which appellant complains occurred before his arrest, he cannot—and does not—claim any violation of his Sixth Amendment right to a speedy trial. *United States v. Marion,* 404 U.S. 307, 313–320, 92 S.Ct. 455, 459–463, 30 L.Ed.2d 468 (1971).

which appellant played a relatively small part. Extending the investigation enabled the government to arrest and prosecute more drug dealers, an entirely permissible reason for postponing the arrest of a single dealer such as appellant. *See United States v. Lovasco, supra,* 431 U.S. at 796, 97 S.Ct. at 2051; *(Dahl) Robinson, supra,* 478 A.2d at 1066; *(David) Robinson v. United States,* 148 U.S.App.D.C. 58, 62, 459 F.2d 847, 851 (1972). There is nothing in the record to suggest that the delay was intended to gain a "tactical advantage" over appellant, *United States v. Marion, supra* note 1, 404 U.S. at 324, 92 S.Ct. at 465 (citations omitted), or that it resulted from the government's "reckless disregard of circumstances, known to the prosecution, suggesting that there existed an appreciable risk that delay would impair the ability to mount an effective defense." *United States v. Lovasco, supra,* 431 U.S. at 795 n. 17, 97 S.Ct. at 2051 n. 17.

■ Appellant nevertheless maintains that the government had no legitimate reason to delay his arrest. Relying on Officer Crawford's testimony that he was no longer useful to the investigation after September 30 because he would not sell Crawford a large amount of heroin, appellant argues that he could have been arrested promptly thereafter without endangering the investigation. This argument has no merit. If Crawford had surfaced in order to sign a complaint and make an identification, his cover would have been blown, and the investigation would have had to end. The law does not require such a waste of police resources. *See Powell v. United States,* 122 U.S.App.D.C. 229, 232, 352 F.2d 705, 708 (1965).

Appellant relies primarily on *Ross v. United States,* 121 U.S.App.D.C. 233, 349 F.2d 210 (1965), in which a narcotics conviction was reversed because of a pre-arrest delay of seven months. The defendant in *Ross,* like appellant, was arrested for selling heroin to an undercover officer in the course of a lengthy investigation. Another similarity is that Ross, like appellant, claimed he was unable to remember his whereabouts on the day of the offense.

But there is a significant difference between *Ross* and this case. The undercover officer in *Ross,* who made a total of 125 drug purchases, had no independent recollection of the one occasion when he had purchased drugs from the defendant, so that he had to rely totally on his notes in order to testify. On these facts, the Court of Appeals reversed Ross' conviction, stating that "[t]he Government's case should, at the least, have more substance than the one before us if it is to override the appellant's interest in earlier notification." *Id.* at 239, 349 F.2d at 216. With so little evidence, the potential risk of misidentification was substantial. *See Tynan v. United States,* 126 U.S.App.D.C. 206, 208, 376 F.2d 761, 763, *cert. denied,* 389 U.S. 845, 88 S.Ct. 95, 19 L.Ed.2d 111 (1967).

The government's evidence in the case at bar is much stronger than it was in *Ross.* Officer Crawford purchased heroin from appellant on three occasions, each time making a special effort to notice appellant's features. One of those features was an unusual scar on appellant's chest, which appellant not only admitted was there but showed to the jury. In addition, Crawford saw appellant on the street nearly every day after the final drug transaction, often exchanging greetings with him. Crawford also stated that appellant's nickname was "Buddy," which appellant acknowledged. Officer Lancaster testified that shortly after all the warrants were issued, he saw appellant on the street near the area where Crawford had bought the drugs from him. Lancaster recognized appellant because he had watched one of the transactions through binoculars. He called "Buddy," and when appellant responded by looking up, Lancaster placed him under arrest. Crawford positively identified him in a line-up two weeks later. On this record we are fully satisfied that the risk of misidentification was negligible, and that *Ross* is therefore inapposite.

Moreover, this court has recently declared that "the precedential value of [*Ross*] is questionable in view of the Supreme Court's pronouncement in *United States v. Lovasco, supra,* 431 U.S. at 796, that prosecution following investigative de-

lay is not a denial of due process even if the defense has been 'somewhat prejudiced by the lapse of time.'" *(Dahl) Robinson v. United States, supra,* 478 A.2d at 1067 n. 1. Indeed, to the extent that *Ross* is inconsistent with the Supreme Court decisions in *Lovasco* and *Marion,* it can no longer be reliably cited as authority.

Appellant has not demonstrated prejudice, nor has he shown that the pre-arrest delay was unjustified. His due process claim must therefore be rejected, and his conviction is

*Affirmed.*